THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

MILAM M. ENGLE.

1. ORDINANCE—*publication, how proved—evidence.* Where the charter of a town provided that "no ordinance shall be of any force until the same shall have been advertised, by publishing copies in three public places in said town for ten days," but contains no provision as to how proof of publication shall be made, it must be proved as at common law. The certificate of the town clerk of the due publication of an ordinance, as required by law, is not admissible to prove publication.

2. In a suit against a railway company, to recover for the killing of an animal within the limits of an incorporated town, on the ground of an alleged violation of an ordinance of the town by the company, in running its train at a prohibited rate of speed, it is indispensable to a recovery that the plaintiff should prove that the ordinance was in force at the time of the alleged accident.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action on the case, by Milam M. Engle against the Chicago and Alton Railroad Company, to recover damages for the killing of plaintiff's horse in the incorporated town of Greenview, by one of defendant's trains of cars.   The ground of recovery, alleged in the declaration, was the running of the train at a greater rate of speed than six miles an hour through the town, in violation of an ordinance of said town.   The plaintiff recovered judgment for $244.33⅓, and defendant appealed.

Mr. N. W. BRANSON, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

In order to a recovery under his declaration, it was indispensable that appellee should have shown the ordinance of the town of Greenview to have been in force at the time of the alleged killing of his horse by appellant's train.   The act incorporating the town provides, that "no ordinance shall be of any force until the same shall have been advertised, by publishing copies in three public places in said town for ten days," but contains no provision as to how proof of publication shall he made.   In the absence of any such provision, common law evidence of the fact of posting copies in three public places should have been adduced.

The court below permitted the ordinance to be read in evidence, against the defendant's objection, upon the mere certificate of the town clerk that it had been "published on the 19th day of June, A. D. 1868, by posting up three copies as required by law."   There being no statute making such certificate evidence of the fact of publication, it was incompetent, and the ordinance not admissible in evidence, or, if it

was, no force could be attributed to it, until the fact of publication, as required by the charter, was shown by competent evidence.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*