ILLINOIS CENTRAL RAILROAD COMPANY
v.
DANIEL FISHELL.

*Railroads—Injury to Team—Crossings—Village Ordinance—Rate of Speed—Contributory Negligence—Evidence.*

1. In an action against a railroad company for damages to a team at a crossing in a village in which the negligence charged is a violation of an ordinance as to speed, a stipulation that the ordinance put in evidence "was duly certified under the seal of the corporation, as required by law," and that it was "duly passed and published as required by law," avoids the necessity of further proof that the ordinance was in force.

2. The failure of plaintiff to stop and look and listen before going upon the track at the time of the accident can not be said, under the circumstances of the case presented, to constitute negligence as matter of law.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. WOLFE, for appellant.

Plaintiff averred the use of due care and must prove the averment.    I. & St. L. Ry. Co. v. Evans, 88 Ill. 63.

It is gross negligence to go upon a crossing without looking for a train.    C. & A. R. R. Co. v. Robinson, 8 Ill. App. 140.

Duty of plaintiff to use care is not diminished because of the obstruction caused by the cars on the side track.    This obstruction suggested greater vigilance.    Garland v. R. R. Co., 8 Ill. App. 578.

On coming to the crossing it was plaintiff's duty to look in either direction.    R. R. Co. v. Miller, 76 Ill. 280 ; 2 Am. & Eng. R. R. Cases, 121.

Traveling with a wagon, must stop, look and listen.    2 Am. & Eng. R. R. Cases, 191, 202; 6 Am. & Eng. R. R. Cases, 38. And failure to give signals does not excuse this omission. 2 Am. & Eng. R. R. Cases, 220; 6 Am. & Eng. R. R. Cases, 27.

If there is obstruction to sound or vision, must stop and look and listen.    6 Am. & Eng. R. R. Cases, 268.

Mr. FRANCIS M. WRIGHT, for appellee.

PLEASANTS, P. J.    This suit was brought for damages to appellee's wagon, load, and one of his horses, by appellant's train, on a crossing of its track in the village of Ludlow; judgment for $116.

The negligence charged in the declaration was the running of the train at a greater rate of speed than was allowed by the village ordinance therein set forth, which was ten miles per hour between the cattle guards, and fifteen outside of them, in said village.    It was between the cattle guards that the collision occurred; and while the evidence as to the speed of the train was conflicting, there was clearly enough for the plaintiff to support a finding that it greatly exceeded the limit so prescribed.    In that case the statute makes the railroad company "liable to the person aggrieved for all damages done" thereby to his person or property, and declares that "the same shall be presumed to have been done by the negligence of the corporation or their agents."    Hurd's R. S., Ch. 14, Sec. 87.

It is said that the ordinance alleged was not shown to have been in force, and that this allegation was material and proof of it indispensable; citing C. & A. R. R. Co. v. Engle, 76 Ill. 317. That was a case like this, and it was there held that the ordinance was not shown to have been " in force" only, because there was no other proof of its " publication" than the certificate of the town clerk, which the statute did not make competent evidence of the fact. But since in this case there was a stipulation that the ordinance put in evidence " was duly certified under the seal of the corporation, as required by law," and that it was "duly passed and published, as required by law," we do not understand the ground of the objection.

It is further urged that plaintiff's own negligence in driving upon the track as he did, should bar a recovery. The only evidence upon that point is that of the plaintiff himself. His wagon was loaded with corn. He was walking on the south side of it, driving east, and the train came from the north. On the west side of the track were some cribs and bins, and also a side track which was occupied by cars up to the crossing, two blocks north. The substance of his testimony is that he was a farmer, living in the neighborhood; that Ludlow had been his market for years ; that he was well acquainted in the village and familiar with the crossings there; that on the occasion in question he looked and listened for trains before going on the track; that he bent down and looked under his wagon, as far as he could, but his view was obstructed by the cars on the side track; that he tried to see and hear all he could, but everything was still and he went on; that he did not stop and go to the track to look, and that he saw nothing and heard nothing to warn him of the train until it whistled, when he was on the track. His language being that he "could" not hear, counsel infer it must have been because he was deaf or prevented by the noise of his wagon on frozen ground—more probably the latter—in which case ordinary care required that he should stop in order that he might hear. The inference may be just and it may not be. According to a common use he might as well be understood,

from that form of expression in reference to the subject-matter, to mean that, under the actual conditions, he expected to hear the sound of the approaching train if it was near enough to forbid an attempt to cross and coming as it ought to come, and that he "did" not hear it. That understanding would be further warranted by his statements—"the road was rather smooth right there" and "everything was still, and (therefore) I went across."

If he did so mean and his statement was true it can not be held as matter of law that his failure to stop was negligence. Garland v. C. & N. W. R. R. Co., 8 Ill. App. 581; C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587; Pennsylvania Co. v. Frana, 112 Ill. 398. It is a question of fact, into the consideration of which the experience and observation of jurors, apart from the evidence, must necessarily and largely enter. They thus know that even very careful persons of unimpaired senses, in approaching railroad crossings in villages, towns and cities, very commonly, if not as a rule, do not stop to hear, unless they actually do see or hear indications of an engine or car also approaching, and so near or in such manner as to make the attempt to cross apparently in some degree hazardous. They take care to have their horse or team under such control as to be able to stop instantly at will, and they look and listen; but go on, looking and listening as they go, unless arrested by some sensible indication of danger. This they do, notwithstanding the noises of the town, or the obstructions to sight by standing cars or otherwise; and if the trains moved as slowly as they ought, with the proper signal by bell, there would be no danger from them to drivers of average sight and hearing, using this degree of care, except from pure accident.

We think the plaintiff's statement on the whole fairly tended to show he recognized the crossing as a place of danger and approached it as such, and that he used ordinary care for the safety of his property.

It may seem incredible to counsel that he did not, without a want of such care, fail to know the train was coming until he was on the track, and yet too late to avoid the collision; but

without knowing more than the record discloses of the conditions and circumstances, we can not overrule the conclusion of the jury, based as it must have been on their belief of his statement.    They must have found he was not chargeable with any negligence, contributory or other; that he made a *prima facie* case, and did not himself rebut it.    The views here presented and these findings meet the objections urged to the instructions.    The judgment is affirmed.

*Judgment affirmed.*