The Chicago, St. Louis and Pittsburg Railroad Company

*v.*

Michael Hutchinson.

*Filed at Ottawa May 12, 1887.*

1. Negligence — *general basis of recovery—of the care required to avoid danger.* It is the settled doctrine of this court, that a plaintiff may recover for injuries resulting from the negligence of the defendant, if he has observed ordinary care for his personal safety, and to avoid the injury.

2. The law requires a person, when approaching a known place of danger, or when placed in a dangerous position, to exercise such care and circumspection for his safety as an ordinarily prudent and cautious man would observe under the circumstances surrounding him. But the degree of care required can not be formulated into a particular rule of conduct, for the reason that the conduct of ordinarily cautious and prudent men will vary as the circumstances presented may be varied.

3. While it is the duty of a person approaching a place of danger, to do so cautiously, and with due and proper care for his safety, it can not be said, as a matter of law, that he must take a particular precaution or measure, or just what a prudent man would do under all circumstances.

4. This court is not prepared to say, as a matter of law, that a person approaching a railroad crossing, when there is nothing apparent to warn him of

danger, and at which he knows a flagman is stationed, whose duty it is to warn all persons of danger from moving trains, is required to look elsewhere than to the flagman.

5. It is the duty of a flagman at a public street crossing in a populous city, which is much used by the public, to know of the approach of trains, and to give timely warning to all persons attempting to cross the railroad track, and the public have a right to rely upon a reasonable performance of that duty. The absence of such flagman from his post may excuse one cognizant of his duty, from gross negligence in failing to stop before attempting to cross, and look both ways to see if a train is approaching.

6. If it be true that in a particular case a reasonably prudent and careful man, on approaching a railroad track over a public street, would do more than observe the absence of the ordinary signal of the flagman, the facts and circumstances should be submitted to the jury, to be considered in determining whether, under them, he had exercised ordinary care and caution to avoid the injury.

7. SAME—*comparative negligence—when not an element in the case.* Where the evidence on the part of the plaintiff, in an action against a railway company to recover on the ground of negligence, shows that he was without fault or negligence, and the defendant guilty of gross negligence, while the evidence on the other side shows the defendant to be without fault, and the plaintiff grossly negligent, a clause in an instruction, that the sole question for determination is as to how the collision and injury occurred, and who is to blame for it, (the injury being conceded,) is not erroneous, in taking from the jury the question of the plaintiff's contributory negligence. In such case there is no middle ground, either one or the other party being wholly at fault.

8. In an action against a railroad company to recover for a personal injury by a collision at a street crossing, the court, on its own motion, instructed the jury, in substance, that the *gist* of the action was negligence, which the plaintiff must prove by a preponderance of the evidence, substantially as alleged in the declaration, and that it could not be presumed from the fact of the plaintiff's injury; that the question of negligence was one of fact, for the jury, but that the court instructed that it is the duty of all persons approaching a highway crossing where there is a railroad, to exercise care and caution to learn if any trains are approaching, and to take such measures as any prudent and cautious man would under like circumstances, and that if they believed, from the evidence, he failed to exercise such care, and was injured in consequence thereof, he could not recover: *Held,* that while the instruction contained some inaccurate expressions, yet that it could not have misled the jury to the prejudice of the defendant.

9. SAME—*negligence and ordinary care, as questions of law and fact.* Whether a person injured from the negligence of another has exercised proper care and caution, is a question of fact, and not one of law. It is for the jury to determine whether he has been guilty of negligence, by a consideration of

his conduct under the circumstances shown to have surrounded him at the time of the alleged negligent act or conduct.

10.   Where it is conceded that a party charged with negligence has failed to perform a legal duty, or, in cases of this character, if it be conceded that the plaintiff did not exercise that degree of care and caution which ordinarily cautious and prudent men would observe under like circumstances, the court will be required to state, as a matter of law, that the party failing-to perform his legal duty, or failing to observe such degree of care, has been guilty of negligence.

11.   But so long as the question remains whether the party has performed the legal duty, or has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as one of fact.

12.   Instructions—*assuming existence of controverted facts.*  In an action against a railway company to recover for personal injuries at a public street crossing, the court was asked to instruct the jury that it was the duty of the plaintiff to observe any warning given of the approach of any train, and if he had any notice that a train was near, and about to pass in front of him, it was his duty to stop, etc.; and, also, that if they believed, from the evidence, that by reason of negligence or inattention on his part he did not observe any signals of the approach of the train, etc., he could not recover. The court refused to give the instructions: *Held*, that they were properly refused, as they assumed that "warning" or "signals" of the approach of the train were given, which was one of the controverted facts in the case.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Willard & Driggs, for the appellant:

It is the duty of a person when going upon or across a railroad track, to look in each direction, to see if a train is approaching; and a failure to do so is gross negligence. *Railroad Co.* v. *Goddard*, 72 Ill. 567; *Railroad Co.* v. *Godfrey*, 71 id. 500; *Railway Co.* v. *Hatch*, 79 id. 137; *Railway Co.* v. *Riley*, 47 id. 514; *Railroad Co.* v. *Jacobs*, 63 id. 178; *Railroad Co.* v. *Van Patten*, 74 id. 91; *Railroad Co.* v. *Damerell*, 81 id. 450; *Railroad Co.* v. *Johnson*, 103 id. 512; *Railroad Co.* v. *Hetherington*, 83 id. 510; *Railroad Co.* v. *Hart*, 87 id. 429; *Austin* v. *Railway Co.* 91 id. 35; *Railway Co.* v. *Dimick*,

96 id. 42; *Pennsylvania Co.* v. *Rudel,* 100 id. 603; *Pennsylvania Co.* v. *Frana,* 112 id. 398; *Railroad Co.* v. *Robinson,* 106 id. 142.

As to the care required of persons in crossing railroads, in other courts, see *Hense* v. *Railroad Co.* 71 Mo. 636; *State* v. *Railroad Co.* 76 Me. 357; *Railroad Co.* v. *Stead,* 95 U. S. 161; *Schofield* v. *Railway Co.* 114 id. 615; *Railway Co.* v. *Snyder,* 14 Ohio St. 670; *Warner* v. *Railroad Co.* 44 N. Y. 465; *Railroad Co.* v. *Miller,* 25 Mich. 274.

The court erred in refusing the two instructions asked, which state this rule.

Messrs. Burke & Hollett, for the appellee.

Mr. Justice Shope delivered the opinion of the Court:

Appellee brought suit in the Superior Court of Cook county, to recover of appellant damages for personal injuries, sustained by him in consequence of having the vehicle in which he was riding, run into by a backing passenger train on appellant's railroad, at its intersection with Jefferson street, in the city of Chicago. A trial in that court resulted in a verdict and judgment thereon for $5000. On appeal to the Appellate Court for the First District this judgment was affirmed, and appellant prosecutes this further appeal.

The plaintiff, in his declaration, alleges due care and caution on his part in crossing the railroad track; negligence on the part of the servants of appellant in the management of the train; in the failure to give signals, as provided by law; in running the train at a greater rate of speed than permitted by law and the ordinances of the city of Chicago; in the failure of appellant to employ a flagman at the crossing, as required by the ordinances of said city, and in negligently permitting the flagman to be absent from his post, etc.

It is conceded that it was the duty of appellant to keep a flagman at the crossing in question, to warn all persons at-

tempting to cross, of the approach of trains on its railroad, and that the speed of passenger trains was, by ordinance of the city, limited to ten miles an hour.

The jury having found the facts favorable to appellee, and the Appellate Court having affirmed the judgment of the Superior Court upon such finding, we are precluded from a consideration of the facts, except in so far as it may be necessary to determine the correctness of the ruling of the court in giving or refusing instructions. In that respect it will be material to say, that the evidence relating to the occurrence resulting in plaintiff's injury, is conflicting and wholly irreconcilable. That introduced by appellee, shows that he approached the crossing, driving a single horse, hitched to a light wagon; that he stopped when within thirty feet of the crossing, and looked for the flagman, who he knew was required to be stationed there, but no flagman was in sight, nor was any signal of danger given or displayed; that he then looked in each direction for a train, and could neither see nor hear one approaching. He then drove upon the crossing, when a train, backing at a rate of speed of from twenty to twenty-five miles per hour, struck the hind wheel of his wagon, throwing him a considerable distance, whereby he was seriously and permanently injured; that no notice or signal, by ringing the bell or otherwise, was given of the approaching train; that he did not discover the train until about on the crossing, and that he could have passed safely then but for the great speed at which it was driven. It is further shown, that the view was obstructed in the direction from whence the train approached, and that the flagman was, at the time, a considerable distance away attending to a switch. On the other side it was shown, that the train was backing down to the depot, on time, and being driven at a speed not exceeding six miles per hour; that the bell was ringing, and a man was stationed on the rear platform, as lookout, who, as soon as he saw appellee, signaled the engineer, and everything was done that could

be, to stop the train; that the flagman was on the crossing, doing his duty, and signaled the approach of this train, and endeavored, by shouting, waving his flag, and by running toward appellee, to apprise him of the danger, but that appellee, disregarding the approach of the train, without stopping at all, upon approaching the track put whip to his horse and drove immediately in the way of the slowly backing train; that he was so close to it that he had to drive off the plank forming the crossing proper, and over the exposed rails of the railroad track.

Two instructions were asked by appellant, and refused by the court, as follows:

"1.    The jury are instructed, that it was the duty of the plaintiff, before crossing the track on which the collision in question occurred, to look in both directions for the approach of any train.    It was also his duty to observe any warning given of the approach of any train, and if he had any notice that a train was near, and about to pass along in front of him, it was his duty to stop, and wait until the same had passed.

"2.    If the jury believe, from the evidence, that the plaintiff was negligent, and thereby failed to observe the near approach of a train along one of the tracks in front of him, or if the jury believe, from the evidence, that by reason of negligence or inattention on his part he did not observe any signals of the approach of the train in question, and that such negligence caused, or materially contributed to, the injury in question, then he can not recover."

The refusal of these instructions was not erroneous.  A vice common to each of them is, that they assume that "warning" or "signals" of the approach of the train was given.    We have seen that this was one of the controverted facts of the case.    The instructions, if given, would have a tendency to mislead the jury, and exclude from consideration the case made by appellee.    We are aware of expressions by this court, when passing upon the law and fact, and of like expressions

by other courts of the highest respectability, that the failure of one approaching a railroad crossing to pause and look for the approach of trains, was such negligence as would, in the case then under consideration, preclude a recovery. But we are not prepared to say, as a matter of law, that a person approaching a railroad crossing, where there is nothing apparent to warn him of danger, and at which he knows a flagman is stationed, whose known duty it is to warn all persons of danger from running trains, is required to look elsewhere than to the flagman. The flagman's duty is to know of the approach of trains, and to give timely warning to all persons attempting to cross the railroad track, and the public have a right to rely upon a reasonable performance of that duty.

It is the settled doctrine of this court, that to authorize a recovery for injuries resulting from the negligence of a defendant, it is only necessary that the plaintiff should have observed ordinary care for his personal safety, and to prevent the injury. (*Illinois Central Railroad Co.* v. *Shultz,* 64 Ill. 177; *Illinois Central Railroad Co.* v. *Godfrey,* 71 id. 507; *Calumet Iron and Steel Co.* v. *Martin,* 115 id. 359; *Chicago and Eastern Illinois Railroad Co.* v. *O'Conner,* 119 id. 586.) It may be, that in the particular case a reasonably prudent and careful man would do more than observe the absence of the ordinary signal by the flagman; but if so, the facts and circumstances should be submitted to the jury, to be considered by them in determining whether the party had, under all the circumstances, exercised ordinary care and caution to prevent injury.

Tested by these principles, it is clearly apparent that the instructions were properly refused. Every principle, moreover, contained in these instructions, proper to be given, was included, and given to the jury, in the instruction given by the court on its own motion.

But one instruction was given to the jury, and that was prepared by the court in lieu of instructions refused. It is

38—120 Ill.

complained that this instruction was erroneous, in that it told the jury that "the sole question for your (their) determination is, as to how the collision and injury occurred, and who is to blame for it." The injury of the plaintiff was conceded, and hence no objection is made to the instruction because it assumes that fact.

But it is said, that by the clause quoted the jury were not permitted to consider the negligence of plaintiff contributing to the injury. A complete answer to this is, the evidence shows that either one party or the other was wholly at fault. There is no middle ground. The position and conduct of the parties are sharply defined, and if the case made by appellee is the true one, he, as a matter of fact, was wholly without fault and appellant guilty of great negligence. If the other contention is established, the plaintiff must be defeated, because appellant was wholly blameless and appellee grossly negligent. It was, therefore, in view of the evidence, simply a question of whether the conduct of the one party or the other had produced the injury,—hence the use of the language complained of could not have prejudiced appellant.

But, aside from this view, the jury were fully and fairly instructed as to the duty of appellee in approaching this crossing. The part of the instruction pertaining to the duty of the plaintiff, and the degree of care to be exercised by him, to authorize a recovery for injuries resulting from negligence of the defendant, is as follows:

"The right of a railroad company to run its track over, across and along the street where it is claimed that the collision occurred and the plaintiff was injured, is not disputed, and does not enter into this case, as that is neither controverted nor denied, but is conceded. The sole question for your determination is, as to how the collision and injury complained of occurred, and who is to blame for it. The *gist* of the action is negligence, and that must be proved, on the part of the plaintiff, by a preponderance of the testimony, substan-

tially as alleged and set forth by him in his declaration, and can not be presumed by the bare fact that the plaintiff was injured by the cars of the defendant. The court has no authority to determine the fact of negligence, or what is or what is not negligence, under any given state of facts, for that is strictly for the jury; but the court instructs you that it is the duty of all persons who approach a highway crossing where there is a railroad, to exercise due care and caution to ascertain whether there are trains approaching, and to take such measures as any prudent and cautious man would, under like circumstances, take in order to avoid a collision; and the criterion furnished by the law, in every instance, for ascertaining the measure of such care, is that which would be exercised by a reasonably prudent and cautious person under like circumstances. And if you believe, from the evidence, that the plaintiff should have looked for the approach of any train, or to look for any warning which might be given of the approach of a train, and to wait until said train had passed before attempting to cross the tracks of the railroad company, and that he did not do so, and that he did not exercise such care and caution as a reasonable, prudent, careful man would have done under like circumstances, but drove on to the tracks of the railroad without exercising such care and caution as above mentioned, and that he was injured in consequence thereof, then the plaintiff can not recover in this action."

While it must be conceded that some of the expressions employed are not strictly accurate, the jury could not have been misled to the prejudice of appellant. They must have understood the instruction as laying down the rule that the plaintiff must show, by a preponderance of the evidence, that he was injured, and that such injury resulted to him in consequence of the negligence of the servants of appellant, and that he, in approaching and driving upon the railroad crossing, was in the exercise of ordinary care for his own safety. The instruction gave correctly to the jury the true test and

criterion from or by which to determine what is ordinary care, as applicable to all cases where negligence is to be determined as a question of fact, and properly left it to the jury to determine, from all the evidence, whether the plaintiff had exercised such care as a "prudent and cautious man would exercise under like circumstances," and told them, if he did not exercise such "care and caution as a reasonable, prudent, careful man would have done under like circumstances," he could not recover. If, however, the jury found, from the evidence, he had observed such ordinary care, and had otherwise established his case by a preponderance of the evidence, he might recover.

It is, however, insisted, that it should be held, as a matter of law, "that it is the duty of a person about to cross a railroad track, to approach cautiously, and endeavor to ascertain if there is present danger in crossing," and we are referred to *Pennsylvania Co.* v. *Frana,* 112 Ill. 405, as sustaining the proposition; and it is said, that instead of being so instructed, the jury were told they might determine, from the evidence, whether plaintiff should have looked for the approach of a train or for warnings of the approach, etc. It is undoubtedly the duty of a person approaching a place of danger, to do so cautiously, and with due and proper care for his safety; and the law requires that he should exercise such care as ordinarily prudent and cautious men would observe under the circumstances surrounding him. But the degree of care he is required to exercise can not be formulated as a rule of conduct, for it is manifest that the conduct of ordinarily cautious and prudent men would vary as the circumstances presented might be varied. It was said by this court, in the case of *Pennsylvania Co.* v. *Frana, supra,* referred to by counsel: "It is always a question of fact for the jury to determine, from the evidence, whether the person injured has exercised proper care and caution in crossing a railroad track, and not a question of law. It was the province of the jury to determine whether the plaintiff was guilty of negligence."

The rule there announced, as applicable to the facts of that case, may be accepted as correct, but it is more accurate to say, that, whether negligence exists, is usually a question of fact, arising from, and to be determined by, a consideration of the conduct of the party, under the circumstances shown to have surrounded him at the time of the alleged negligent act or conduct. Where it is conceded that a party charged with negligence has failed to perform a legal duty, or, in cases of this character, if it be conceded that the plaintiff did not exercise that degree of care and caution which ordinarily prudent and cautious men would observe under like circumstances, the court would be required to state, as a matter of law, that the party so failing to perform his legal duty, or failing to observe such degree of care, has been guilty of negligence. But so long as the question remains, whether the party has performed the legal duty, or has observed that degree of care and caution imposed upon him by law, and the determination of the question involves the weighing and consideration of evidence, the question must be submitted as one of fact.

Finding no error in this record authorizing a reversal, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*