The Chicago, Milwaukee and St. Paul Railway Company

*v.*

Sophia Wilson.[*]

*Filed at Ottawa May 14, 1890.*

1. Negligence—*approaching railroad crossing—of the care required.* It is the duty of a person approaching a railroad crossing, to exercise care, diligence and caution in looking and listening for approaching trains. It is his imperative duty to exercise all reasonable care, and his failure to exercise such care will be such neglect on his part as will preclude a recovery by him for a personal injury.

2. Same—*absence of proper signals—warning persons approaching railroad crossing.* A railway company, by stationing a flagman at a street crossing, and making it his duty to display proper signals of warning whenever an engine or train is approaching, may give the

---

[*]This case was considered in connection with the following: *Chicago, Milwaukee and St. Paul Ry. Co.* v. *Wilson, Admr. of John C. Wilson, dec'd,* and *Same* v. *Wilson, Admr. of Murray F. Wilson, dec'd.*

public the right to rely upon the absence of signals of warning, and presume that the tracks are clear.

3. On the trial of an action against a railway company for a personal injury received at a street crossing, the defendant asked, and the court refused, this instruction : "The court further instructs you, that when there are several tracks crossing a street or highway, a train passing upon one of them is, of itself, a warning that persons about to cross the tracks are bound to take notice of:". *Held,* that the instruction was properly refused, as being a mere abstract proposition, and as being otherwise erroneous. A train passing over one of several tracks is not a warning of the approach of other trains or engines on the other tracks.

4. Same—*negligence as a question of law or fact.* It can not usually be laid down as a rule of law, that in any given case certain specific acts are essential to the exercise of ordinary care, or that the absence of such acts is negligence. What will constitute ordinary care in any given instance must depend upon the circumstances of the case.

5. The question of negligence of a railway company in failing to give proper warning of the approach of an engine at a public street crossing, whereby one attempting to cross the track is personally injured, and that of the person so injured, are purely questions of fact.

6. In an action by one against a railway company, to recover for a personal injury, the court was asked by the defendant to instruct the jury, "that it is the duty of persons about to cross railroad tracks to use due care for their safety, by looking and listening for approaching trains or engines, and if warned by a flagman or passing train, it is their duty to wait, before stepping upon the tracks, until the approaching engines or trains are passed:" *Held,* that as the instruction contains a mere abstract proposition, it was not error to refuse it. Besides this, it is erroneous in attempting to prescribe the specific conduct which, as a matter of law, is obligatory upon one about to cross a railway track.

7. Appeal—*reviewing the facts.* In cases based on negligence resulting in injury, the decision of all questions of fact is committed by law to the jury, subject to revision by the trial judge, and subject to further revision by the Appellate Court on appeal. After the judgment of the trial court has been affirmed by the Appellate Court, the law conclusively presumes that all questions of fact were properly disposed of by the jury, and this court has no power to revise the action of the subordinate tribunals in relation thereto.

Appeal from the Appellate Court for the First District ;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Messrs. Walker & Eddy, for the appellant:

When one track of a double track is obstructed at the crossing by either a stationary or a moving train, it is contributory negligence for a passenger to go upon the line without looking up and down the other line of rails. Patterson's Ry. Accident Law, 172; *Stubley* v. *Railway Co.* L. R. (1 Ex.) 13; *Scelton* v. *Railway Co.* L. R. (26 P.) 631.

The walking upon a railroad track without looking in both directions to discover approaching engines or trains, when the exercise of such precaution would discover them, is negligence such as to preclude a recovery, unless the injury be willfully or wantonly inflicted by the railroad company. *Austin* v. *Railroad Co.* 91 Ill. 35; *Railroad Co.* v. *Knutson*, 69 id. 103.

The court erred in refusing defendant's instructions directing the attention of the jury to Mrs. Wilson's want of care in not looking for the approaching locomotive. It was her duty, under all circumstances, and especially with a train passing on a farther track, to ascertain, if she could, by carefully looking and listening, whether any train or locomotive was coming, before she continued on across. *Railroad Co.* v. *Jacobs*, 63 Ill. 178; *Railroad Co.* v. *Lee*, 68 id. 576; *Hammer* v. *Railroad Co.* 72 id. 347; *Hetherington* v. *Railroad Co.* 83 id. 510; *Pennsylvania Co.* v. *Hankey*, 93 id. 580; *Railroad Co.* v. *Dewey*, 26 id. 255; *Railroad Co.* v. *Hazzard*, id. 373; *Railroad Co.* v. *Coultas*, 67 id. 398; *Railway Co.* v. *Coss*, 73 id. 394; *Railroad Co.* v. *Pondrom*, 51 id. 333; *Railway Co.* v. *Sweeney*, 52 id. 325; *Telegraph Co.* v. *Quinn*, 56 id. 319; *Railroad Co.* v. *Bell*, 70 id. 102; *Buckingham* v. *Fisher*, id. 120; *Dimick* v. *Railway Co.* 80 id. 338; *Railway Co.* v. *Byam*, id. 528; *Railroad Co.* v. *Harwood*, id. 88; *Railroad Co.* v. *Goddard*, 72 id. 567; *Railroad Co.* v. *Houck*, id. 285; *Railway Co.* v. *McGinnis*, 71 id. 346.

The Supreme Court has uniformly held, that a person who knowingly goes upon a railroad track, regardless of the approaching trains thereon, is, as a matter of law, guilty of

gross negligence. *Railway Co.* v. *Sweeney,* 52 Ill. 325; *Railroad Co.* v. *Van Patten,* 64 id. 510; *Railroad Co.* v. *Lee,* 68 id. 576; *Railroad Co.* v. *Bell,* 70 id. 102; *Railroad Co.* v. *Godfrey,* 71 id. 500; *Railroad Co.* v. *Goddard,* 72 id. 567; *Railway Co.* v. *Donahue,* 75 id. 106; *Railroad Co.* v. *Harwood,* 80 id. 88.

Mr. Frank A. Johnson, and Mr. William Brown, for the appellee.

Mr. Justice Bailey delivered the opinion of the Court:

These three suits grow out of the same disaster and involve substantially the same questions, and they will therefore be considered together. On the 4th day of August, 1887, Mrs. Sophia Wilson, while crossing one of the railway tracks of the Chicago, Milwaukee and St. Paul Railway Company at the intersection of Wood and Kinzie streets, Chicago, having one of her children, John C. Wilson, an infant about one year old, on her arm, and leading her other child, Murray F. Wilson, a boy about three years old, by the hand, was struck and severely injured by a locomotive engine belonging to said company passing on said track. Both of her children were at the same time run over by said engine and instantly killed. One of these suits was brought against said company by Mrs. Wilson to recover damages for her personal injuries thus received, and the two other suits were brought by John M. Wilson, the administrator of the estates of said children, to recover the damages resulting to their next of kin from their death. The trial of the suit brought by Mrs. Wilson resulted in a verdict and judgment in her favor for $5000. The trial of the two other suits also resulted in verdicts and judgments in favor of the administrator, the one brought to recover damages for the death of John C. Wilson in the sum of $2000, and the one brought to recover damages for the death of Murray F. Wilson in the sum of $1941.66. On appeal to the Appellate Court these judgments

were all affirmed, and the defendant now brings the records to this court by a further appeal.

The negligence charged in the several declarations is, the careless and improper management of said locomotive engine by the servants and employes of the defendant, the driving of said engine at a dangerous rate of speed without giving warning of its approach, the failure of the defendant to furnish at said crossing a sufficient, capable and diligent flagman, and that the flagman stationed by the defendant at said crossing carelessly and negligently omitted and neglected to give warning of the approach of said engine. The defendant, on the other hand, charged Mrs. Wilson with contributory negligence in failing to approach said crossing with suitable caution and circumspection.

The charge of negligence mainly relied upon by the plaintiffs at the trial was, the careless and negligent conduct of the watchman stationed at the crossing in failing to give warning of the approach of the engine, and upon this issue, as well as upon the question of Mrs. Wilson's contributory negligence, the evidence was conflicting, or was subject to such construction as the jury might think proper to give it. The question of negligence, at least in the form in which it is presented here, is purely a question of fact. In cases of this character, the decision of all questions of that character is committed by law to the jury, subject to revision by the trial judge, and subject to further revision by the Appellate Court on appeal. The judgment of the Appellate Court, however, is by statute made conclusive. After the judgment of the trial court has been affirmed by that tribunal, the law conclusively presumes that all questions of fact were properly disposed of by the jury, and the duty is not imposed upon us, nor are we given the power to consider such questions, or revise the action of subordinate tribunals in relation thereto.

Errors are assigned upon the refusal of the trial court to give to the jury certain instructions asked by the defendant. In

the suit in which Mrs. Wilson is plaintiff, this instruction was refused :

"The court charges the jury, that it is the duty of persons about to cross railroad tracks to use due care for their safety, by looking and listening for approaching trains or engines, and if warned by a flagman or passing train, it is their duty to wait before stepping upon the tracks, until the approaching engines or trains are passed."

This instruction contains a mere abstract proposition, and therefore it was not error to refuse it.    But apart from that objection, it is erroneous in attempting to prescribe the specific conduct which, as a matter of law, is obligatory upon one about to cross a railway track.    It is the duty of a person crossing a railway track, or approaching it with intent to cross, to exercise ordinary care and prudence to avoid injury, and what will constitute ordinary care in any given instance must depend upon the circumstances of the case.    It can not usually be laid down as a rule of law, therefore, that in any given case, certain specific acts are essential to the exercise of ordinary care, or that the absence of such acts is negligence.

This same question, in substance, was fully discussed in *T. H. & I. R. R. Co.* v. *Voelker*, 129 Ill. 540, the question there being, whether a failure by a person about to cross a railway to look and listen for approaching trains could be pronounced negligence *per se*.    In deciding this question in the negative we said :  "It is doubtless a rule of law that a person approaching a railway crossing is bound, in doing so, to exercise such care, caution and circumspection to foresee danger and avoid injury as ordinary prudence would require, having in view all the known dangers of the situation, but precisely what such requirements would be, must manifestly differ with the ever-varying circumstances under which such approach may be made."    So here, the course which it would be the duty of a person "warned by a flagman or a passing train" to pursue, would depend upon the circumstances of the case, and would

present a question of fact and not of law. The law on this subject was given to the jury with substantial accuracy in the first instruction given at the instance of the defendant, which held it to be the duty of a person approaching a railroad crossing to exercise care, diligence and caution in looking and listening for approaching trains; that it is his imperative dut to exercise all reasonable care, and that his failure to exercise such care would be such neglect on his part as would preclude a recovery.

The reasons already stated are sufficient to justify the refusal of the following instruction which was asked by the defendant in Mrs. Wilson's case, and which the court refused to give:

"It is the duty of every person who is approaching and about to cross a railroad crossing, where there are several tracks crossing the street or highway, when there is a passing train upon one of them, to stop and wait for the train to pass, and to carefully look and listen for approaching trains or locomotives, before continuing on across the tracks. If you find from the evidence that the plaintiff, while waiting for the passing Northwestern train to go by, either stood or stepped upon the track upon which the accident occurred, without looking for the approaching locomotive, then the court instructs you that the plaintiff can not recover, and your verdict must be for the defendant."

It appears from the evidence that, at the place of the accident in question, a large number of railway tracks crossed Wood street, and among them were four main tracks running lengthwise of Kinzie street, of which the two northerly tracks belonged to the Chicago and Northwestern Railway Company, and the two southerly to the defendant. Mrs. Wilson approached the crossing from the south on Wood street, and as she was approaching the place where she received the injury, or at the instant she reached that point, a passenger train was passing in an easterly direction on the main track farthest

north. The track on which the injury occurred was the main track farthest south, there being two main tracks between the track where the plaintiff was injured and the one on which the train was passing. The evidence as to the situation of the passing train at the time of the injury is conflicting, Mrs. Wilson testifying that it had passed and was out of sight before she reached the first main track, while the defendant's evidence tends to show that at the instant the plaintiff was struck by the engine on the first track, the last car composing the train passing on the fourth track was still within the boundaries of Wood street. The evidence also tends to show that several freight cars were standing at the time immediately south of Wood street, on the side-track next south of the first main track, and were so situated as to hide the view of an engine coming from the west on the first main track from one approaching the tracks from the south on Wood street. The plaintiff testifies in substance, that as she was approaching said tracks, she saw the North-western train go by. After it had passed she looked for the flagman at the place where she had been accustomed to see him, but seeing neither him or any signal of an approaching train, she passed the end of the freight cars and stepped upon the first main track and was instantly struck by an engine coming from the west, but which by reason of the freight cars on the side track she had been unable to see. The defendant's evidence tends to show that the North-western train had not yet passed, but was still between the plaintiff and the flagman, and that it was for that reason that she failed to see him or his signals.

The instruction last above mentioned is clearly erroneous in holding, as a rule of law, that it is the duty of a person approaching a railway crossing where there are several tracks, upon one of which a train is passing, to wait for the train to go by, and also to carefully look and listen for other trains; and also in holding that if the plaintiff, while waiting for the North-western train to go by, stepped on the track where she

was injured, without looking for the locomotive coming on that track, her negligence was of such character as to preclude her recovery. It is very possible that ordinary prudence may have required all this of the plaintiff, but whether it did or not was clearly a question of fact. Various circumstances may have existed having a tendency to excuse a person of ordinary prudence from taking these particular precautions. Thus, to use the illustration furnished by the pleadings and evidence in this case, a railway company, by stationing a flagman at a crossing and making it his duty to display proper signals of warning whenever an engine or train is approaching, may give the public a right to rely upon the absence of signals of warning and presume that the tracks are clear.

In each of the three causes the following instruction asked by the defendant was refused:

"The court further instructs you, that where there are several tracks crossing a street or highway, a train passing upon one of them is of itself a warning that persons about to cross the tracks are bound to take notice of."

This instruction was a mere abstract proposition, and it was not error to refuse it. But apart from that objection, we are unable to see how, even if it should be admitted to be a correct legal proposition, it could have aided the jury in their deliberations. It may be that a train passing on one of the tracks was a warning to a person approaching the crossing but it was a warning of what? Simply that a train was in motion on one of the tracks, and that it would therefore be imprudent to proceed until such train had passed by. But the injury was not occasioned by that train, and the fact of which it was a warning was consequently wholly immaterial. If it be insisted that the intention of the instruction was to hold, that the passage of a train on a track belonging to one railway company was a warning that an engine was or might be approaching on a track in the same vicinity belonging to another company, it may be answered that the instruction does not so

state, even in substance, and if it did, the proposition can not be said to be true as a rule of law, or even as a matter of fact. Before one fact can be said to be a warning that another fact is likely to presently happen, it must be shown that there is such a causal relation, or at least such an order of sequence between the two, that when one takes place the other is likely to immediately follow. It is clear that in this case no such relation can be said to exist. Sometimes, as is well known, a train may bear a flag or other signal indicating that another train is soon to follow on the same track, and when that is the case, the train bearing the signal may be said to be a warning that the other train is coming. But here the passage of a train on the track of one company rendered it no more probable that an engine was in motion on the track of the other company than if no such train had passed. The two events had no relation to or dependence upon each other, either causal or otherwise, and one therefore could not be a warning that the other was about to happen. Doubtless the presence of railway tracks is suggestive of the possibility of engines and trains in motion, and it is therefore notice that a railway crossing is a place of danger, but we are unable to see how the mere passage of a particular train can be said to be a warning of anything but of itself.

One or two other instructions asked by the defendant, in the suits brought by the administrator, were refused, but as they were substantially identical with those firstly and secondly above discussed, they need no further comment. A considerable number of instructions were given to the jury at the instance of the defendant, in which the law applicable to the case seems to have been given with sufficient fullness. In our opinion all the instructions refused were properly refused, and as no other question is raised which is open for consideration in this court, the judgment of the Appellate Court in each of these cases must be affirmed.

*Judgments affirmed.*