## Thomas A. Broadbent, Adm., etc., v. Chicago and Grand Trunk Railway Company.

1. Ordinary Care—*Need Not be Shown by Affirmative Evidence.*—In an action for personal injuries based upon the negligence of the defendant the exercise of ordinary care is an essential element of the plaintiff's case; but it is not indispensable that it should be directly shown by affirmative evidence.

2. Same—*The Jury May Take Notice of the Natural Instinct of Preservation.*—There is in all men a natural instinct of self-preservation, and such instinct is an element of evidence in cases of personal injuries founded upon the negligence of the defendant, of which the jury may take notice, and, in the absence of all testimony upon the subject find that a deceased party, in obedience to such instinct exercised that care for his safety which a prudent man would have made use of under the same conditions.

3. Negligence—*Not Conclusive Proof.*—The fact that a person was standing on the track of a railroad when injured, is not conclusive proof of negligence.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed April 27, 1896.

HATCH & RITSHER, attorneys for appellant.

SAMUER B. FOSTER, attorney for appellee; SAMUEL W. JACKSON, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action brought to recover damages caused to the next of kin by the death of William J. Francisco, whose death is alleged to have been occasioned by the negligence of appellee.

The court below instructed the jury to find for the defendant; this instruction was apparently given because of the opinion of the court that there was no evidence showing that the deceased was, when injured, in the exercise of ordinary care.

At the time of the accident the deceased was, with a Mr. Benedict and a Mr. Glover, crossing the tracks of appellee at the intersection with Sixty-third street, in the city of Chicago. The day was May 10, 1892, the hour about half past seven in the evening. It was a misty day. It had been raining from half past six to seven, and was a misty night.

The deceased was struck by a wrecking train pushed by an engine; the derrick or forward car had no head-light upon it; the conductor of the train stood upon this car, holding a lighted lantern. The train was moving at a speed of from twenty-five to thirty miles an hour. The crossing gates were up. Mr. Benedict was killed at the same time that Mr. Francisco was, and there was evidence that the plaintiff had endeavored to find Mr. Glover, so as to call him as a witness, and had failed.

While it is true that in an action for personal injuries, based upon the negligence of the defendant, it is an essential element of the plaintiff's case that the injured party must have been in the exercise of ordinary care, yet it is not indispensable that such fact should be directly shown by affirmative evidence. There is in all men a natural instinct of self-preservation, and such instinct is an element of evi-

dence of which the jury may take notice, and, in the absence of all testimony upon the subject, find that a deceased party, in obedience to the ordinary instincts of mankind, exercised that care for his safety which a prudent man would, under the same conditions, have made use of.   Johnson v. Hudson Ry. Co., 20 N. Y. 65–69; Allen v. Willard, 57 Penn. St. 374–380; Northern Ry. Co. v. Price, 29 Md. 420–436; C. & E. I. Ry. Co. 132 Ill. 161; I. C. R. R. Co. v. Nowecki, 46 Ill. App. 3; Same v. Same, 148 Ill. 29; Penn. Co. v. Frana, 112 Ill. 398–405; C., St. L. & P. Ry. Co., 120 Ill. 587.

Nor is it conclusive proof of negligence that one, when injured, was standing upon the track of a railroad. Northern Ry. Co. v. Price, 29 Md., *supra.*

The question of whether the deceased was, when struck and killed, in the exercise of ordinary care, should, under proper instructions, have been left to the jury.

The judgment of the Circuit Court is reversed and the cause remanded.