## Chicago & Alton Railway Company v. U. W. Louderback, Administrator.

### Gen. No. 4,620.

1. CONTRIBUTORY NEGLIGENCE—*in crossing railroad track, held not to appear.* Held, from the evidence in this case, that it did not appear as a matter of law that the plaintiff in attempting to cross a railroad track was guilty of contributory negligence.

2. RAILROAD CROSSING—*care required in passing over.* One attempting to cross over a railroad track is not required to exercise extraordinary care but is only required to exercise ordinary care such as a person of ordinary prudence and intelligence would usually exercise under the same or similar circumstances.

3. MEASURE OF DAMAGES—*instruction as to, in action for death caused by alleged wrongful act, held not ground for reversal.* An instruction which tells the jury that if they find from the evidence that the plaintiff was entitled to recover then they should assess the damages merely at the amount of the pecuniary loss, if any, that the next of kin had or may sustain by reason of the death of the plaintiff's intestate, is not ground for reversal notwithstanding it is inartificial in failing to refer the jury to the evidence in fixing the amount of the loss to the next of kin.

4. NEGATIVE TESTIMONY—*when instruction as to, improper.* An instruction is improper which tells the jury that the testimony of witnesses that they would have heard a bell or whistle if they had been rung or sounded, and that they heard none, was entitled to less weight than the testimony of witnesses who stated that a bell was rung or whistle sounded.

5. OBLIGATION TO SUPPORT—*instruction as to, in action for death caused by wrongful act, improper.* An instruction in such an action is improper which tells the jury that when the plaintiff's intestate had attained his majority he would have owed no support to his next of kin, except in the event of their pauperism, and that the deceased was as likely to have become a pauper as his next of kin.

6. INSTRUCTION—*when presented too late.* An instruction is properly refused where it was not presented before the beginning of the closing argument, as required by rule of court.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed March 10, 1906.

C. C. and L. F. STRAWN, for appellant.

GUY LOUDERBACK and A. C. NORTON, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Curtis Fike, a boy between sixteen and seventeen years of age, while driving over appellant's tracks where they crossed Deer street, in the village of Odell, was struck by a locomotive engine and killed. This suit was brought by

his administrator to recover the damages to his next of kin, resulting in a verdict and judgment in favor of the plaintiff for $3,623.50, from which this appeal is prosecuted. Deceased was engaged in hauling corn to an elevator, which was located near appellant's tracks and on the southerly side of Deer street crossing. Appellant's railroad ran through the village of Odell in a northeasterly and southwesterly direction and was crossed by Deer street at right angles. In delivering his load of corn to the elevator, deceased came from the west on Deer street and passed over the tracks of appellant. After unloading the grain he drove around to the scales, which were near the office building of the elevator company and north of and closer to Deer street than the elevator. It was but a short distance from the scales to appellant's tracks at the street crossing and it was while deceased was attempting to drive from the scales over this crossing after unloading his grain that he was struck. The principal contention of appellant is that deceased was guilty of such negligence in attempting to pass over the crossing ahead of the approaching engine that there can be no recovery. It is insisted that this negligence is so conclusively shown by the evidence that it becomes a question of law and that the court should have directed a verdict for the defendant. To support this position counsel assume that deceased saw the approaching engine and attempted to pass over the tracks ahead of it. We do not think this position is sustained by the evidence. The proof shows that there were a number of loads at the elevator ahead of deceased, and that when he reached the tracks of appellant, he stopped on the railroad for a few minutes until teams ahead of him had passed out of his way so that he could drive across and to the elevator. The proof further shows that while he was thus standing on the tracks, a train drawn by the engine in question, approached from the south, and it is argued from this that he knew there was a train approaching. The train was a freight and stopped something more than a mile south of the crossing and there is no proof that deceased saw it any closer to the crossing than when it had

stopped south of the town. Some other witnesses who testi-
fied, did see it closer, but none, as we understand this evi-
dence, saw it nearer than a block to the Deer street cross-
ing until it struck deceased's wagon. Some distance south
of the crossing the engine was detached from the train and
the great weight of the proof shows that it approached the
crossing without either ringing the bell or sounding the
whistle. There was a box car standing on the side track
east of the track the engine was on, and on the side from
which the deceased was approaching, which extended out
into the street some distance. South of it were other cars,
and these could not but obstruct the view of one approach-
ing the crossing from the east, as deceased was. There is
no proof that deceased saw the approaching engine until he
was on the track and he then attempted to hurry over, but
it was too late. It is argued that if deceased had looked
or listened he could have seen or heard the approaching
engine, and that failing to do so was such negligence as
to preclude a recovery. Our Supreme Court held in C.
& N. W. Ry. Co. v. Dunleavy, 129 Ill., 132, that a failure
to look or listen even where it affirmatively appears that
doing so would have enabled the party exposed to injury
to see an approaching train and avoid it, is evidence tending
to show negligence, but is not so conclusive that a charge
of negligence can be predicated upon it as a matter of law.
See also T. H. & I. R. R. Co. v. Voelker, 129 Ill., 540;
C., M. & St. P. Ry. Co. v. Wilson, 133 Ill., 55. Undoubt-
edly to sustain a recovery in such a case it must appear
that the injured party was in the exercise of due care and
caution, and what is due care and caution must depend
upon the circumstances of the particular case. The jury
affirmatively answered a special interrogatory as to whether,
under all the evidence and in view of deceased's knowledge
of the circumstances and surroundings, he was in the exer-
cise of the care and caution in approaching the crossing that
a reasonably prudent man would have exercised under sim-
ilar circumstances. The Supreme Court and this court have
often held that a traveler on a public street, which is crossed

C. & A. Ry. Co. v. Louderback.

by a railroad, has a right to rely upon the company's serv-
ants in charge of its trains giving the signals required by
law when approaching the crossing. While there was some
evidence of those in charge of the engine tending to show
that the bell was rung, yet it is very inconclusive and unsatis-
factory, and the overwhelming weight of the testimony is
that none of the numerous witnesses who testified for ap-
pellee on that question heard or knew the engine was
approaching the crossing, and that the bell was not rung nor
the whistle sounded as required by law. Admitting that
deceased knew that there was a train some where south of
the crossing, he had a right to suppose that it would not
approach and attempt to pass over the street without giving
warning. It having failed to do so, and this coupled with
the fact that the view of its approach was obstructed, we
are of the opinion the court properly refused to direct a
verdict and properly submitted to the jury to determine
whether deceased was in the exercise of due care and cau-
tion, and whether his death resulted from the negligence
of appellant as charged in the declaration. The jury hav-
ing found against appellant on these propositions, we are
also of opinion the court was warranted by the evidence
in rendering judgment on the verdict.

Some complaint is made of the fourth, fifth and sixth
instructions given on behalf of appellee. The fourth in-
struction told the jury that the law did not require the
exercise of extraordinary care by deceased, but only required
ordinary care such as a person of ordinary prudence and
intelligence would usually exercise under the same or similar
circumstances. We fail to see any fault in the instruction.
The fifth told the jury that if they found from the evi-
dence that plaintiff was entitled to recover then they should
assess the damages merely at the amount of the pecuniary
loss, if any, that the next of kin had or may sustain by
reason of the death of Curtis Fike. It may be the instruc-
tion would have been in better form if it had referred the
jury to the evidence in fixing the amount of the loss to
the next of kin, but we think it could not be misunder-

stood by the jury, and that appellant was not prejudiced by it. Besides appellant's thirteenth given instruction upon the same subject contains the same omission. We see no fault with the sixth instruction. It is also said the court erred in refusing appellant's ninth and fourteenth instructions. The ninth told the jury that the testimony of witnesses that they would have heard a bell or whistle if one had been rung or sounded, and that they heard none, was entitled to less weight than the testimony of witnesses who testified that a bell was rung or whistle sounded. We think it was correctly refused by the court. The fourteenth told the jury that when deceased had attained his majority he would have owed no support to his next of kin, except in the event of their pauperism, and that the deceased was as likely to have become a pauper as his next of kin. We think this also was properly refused. Besides the record shows it was not presented before the beginning of the closing argument as required by a rule of court, and no reason appears, nor is any excuse offered, for failing to present the instruction in compliance with the rule. Believing there are no errors of law in this record and that the verdict and judgment were warranted and sustained by the evidence, the judgment is affirmed.

*Affirmed.*