## BALTIMORE & OHIO SOUTHWESTERN RAILWAY COMPANY *v.* ROSBOROUGH.

[No. 5,953.    Filed April 4, 1907.]

1. RAILROADS.—*Street Crossings.—Duty of Traveler.—Ordinary Care.—*A traveler is required to use only ordinary care to prevent injury in passing over a railroad street crossing, such care being what an ordinarily prudent person would use under the circumstances. p. 18.

2. SAME.—*Street Crossings.—Travelers.—Look and Listen.—*It is the duty of the traveler, before crossing a railroad track, to look and listen; and he is presumed to see what he could have seen and to hear what he could have heard. p. 18.

3. SAME.—*Street Crossings.—Travelers.—Look and Listen.—From What Place.—*A traveler in crossing a railroad track must use

ordinary care in selecting a place from which to look and listen for approaching trains. pp. 18, 19.

4. RAILROADS.—*Crossings.—Failure to Look.—Contributory Negligence.*—Failure of a pedestrian to look for an approaching train, while within from ten to thirteen feet of the street crossing, does not, as a matter of law, constitute contributory negligence. p. 18.

5. NEGLIGENCE.—*Contributory.—When Question for Jury.*—Where the facts are such as to be reasonably subject to diverse inferences, the question of contributory negligence is for the jury. p. 19.

6. TRIAL.—*Verdict.—General.—When Answers to Interrogatories Control.*—The answers to the interrogatories to the jury control the general verdict only when they exclude every reasonable hypothesis consistent with such verdict, which might have been established under the issues. p. 19.

7. RAILROADS.—*Negligence.—Contributory.—Street Crossings.—Ordinances.*—Where defendant railroad company, in violation of a city ordinance, "kicked" a car, without a lookout, over a street crossing at the rate of from ten to fifteen miles an hour, striking the plaintiff, who was crossing the track and who had vainly looked for approaching cars before he crossed a parallel track from ten to thirteen feet away, and who was seen by defendants' watchman all of the time but was given no warning, such plaintiff is not, as a matter of law, guilty of contributory negligence. p. 19.

8. SAME. — *City Ordinances. — Watchmen. — Presumptions.* — A pedestrian has the right to presume, in the absence of evidence to the contrary, that railroad companies will obey city ordinances and that their watchmen at the street crossings will give timely notice of impending danger. p. 21.

9. SAME.—*Negligence.—Contributory.—City Ordinances.—Presumptions.*—The failure of a railroad company to obey city ordinances exerts not only a great influence in determining whether the company was guilty of negligence, but also whether the plaintiff was guilty of contributory negligence. p. 21.

10. SAME.—*Flagmen.—Warning.*—Travelers using the city streets have a right to rely upon the flagman's performance of duty in giving notice of danger from the approach of trains. p. 22.

11. SAME.—*"Flying Switches."—Contributory Negligence.—Question for Jury.*—Whether plaintiff was guilty of contributory negligence in crossing a railroad track at a street intersection in front of a "flying switch" is a question for the jury under all of the facts. p. 23.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by John N. Rosborough against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Gardiner, Tharp & Gardiner, Edward Barton* and *L. C. Embree,* for appellant.

*J. E. McGaughey, George W. Lackey, W. A. Cullop* and *George W. Shaw,* for appellee.

Roby, P. J.—Action by appellee. The complaint is in one paragraph, to which appellant answered the general denial. The issue thus formed was submitted to the jury, and a verdict was returned against appellant for $3,500 upon which judgment was subsequently rendered.

Errors assigned are directed to the action of the trial court in overruling appellant's motion for judgment upon answers to interrogatories returned with the general verdict, and in overruling its motion for a new trial.

The allegations of the complaint are, in substance, that appellant is a corporation operating a line of railroad which passes through the city of Vincennes, and crosses Second street in said city. Said crossing is located in a thickly populated portion of said city, and said street is one of its thoroughfares and much traveled. Appellant's railroad at said point consists of four parallel tracks. On June 29, 1904, appellee attempted to cross said tracks. Appellant made a flying switch at a point about 300 feet east, and drove a detached car west along its main track with such force that it crossed Second street at a speed of fifteen miles an hour, striking appellee and dragging him 240 feet, inflicting injuries, because of which one arm was amputated at the shoulder. It is also alleged that no warning of the approach of said car was given. Certain ordinances, limiting the speed of cars and declaring it unlawful to run any car backward through said city without a lookout, are copied, but, no question being made as to appellant's negligence, the detail of the charge against it is not now material, except as it may bear upon the question of contributory negligence, in which connection these allegations will be referred to again. It is further alleged that at said time

appellant had cars stationed on its said track east of said crossing which prevented persons using it from seeing east along the track; that it was switching cars on one of its side-tracks, making loud noises which prevented the approach of cars on its other tracks from being heard; that it maintained a watchman at said crossing, who negligently failed to warn appellee of the approach of said detached car. He further alleges that before attempting to cross said track, and while crossing, he looked and listened for the approach of trains, but, on account of said tracks being blocked with said cars, and on account of said noise, he could not see nor hear the detached car which struck him, and, by reason of the negligence of said watchman in failing to warn him, he was run upon before he had any knowledge of its presence. The facts stated in answer to the interrogatories are that Second street in the city of Vincennes extends north and south, and was crossed by three tracks of appellant's rail-road on the day appellee was injured. The north track was called the "passing track," and the main track was ten to thirteen feet south of the passing track. Appellee was walk-ing south along the sidewalk on the west side of Second street across said tracks at the time of and immediately be-fore his injury. He was struck and dragged by a coal-car running west on the main track. Second street was about fifty feet wide at said crossing. Third street crosses said railroad 300 feet east of Second street. After appellee crossed the passing track and before he went upon the main track he could by looking east have seen along the main track to Third street. Immediately before stepping upon the main track he could by looking east have seen the coal-car that injured him. Said coal-car started at a point on the main track as far east as Third street and ran west-ward until it struck appellee on the west side of Second street. Appellee walked upon the main track in front of the car as it was running across Second street. Had he not

done so he would not have been injured, and if he had looked in the direction of said car he could have seen its approach immediately before he walked upon the main track.

" 'The law requires, and all that it does require is, that a person approaching a railroad crossing upon a public highway, shall use ordinary care to avoid injury.' " *Lake Shore, etc., R. Co.* v. *McIntosh* (1895), 140 Ind. 261, 270. See, also, *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426; *Continental Improv. Co.* v. *Stead* (1877), 95 U. S. 161, 24 L. Ed. 403. Ordinary care is such care as a reasonable and prudent man would or should use under the same or similar circumstances. 1 Thompson, Negligence (2d ed.), §2. It is a requisite to the exercise of ordinary care by one about to go over a railroad grade crossing that he look both ways and listen attentively, and if by looking he could have seen, and if by listening he could have heard an approaching train in time to avoid collision, it is presumed, if such collision occurs, that he either did not look and listen or did not heed what he saw and heard, in either of which events he is guilty of contributory negligence. *Chicago, etc., R. Co.* v. *Turner* (1904), 33 Ind. App. 264. Such person is also required to use ordinary care in selecting a place from which to look and listen, so that he can do so effectively. *Malott* v. *Hawkins* (1902), 159 Ind. 127. "It is not ordinarily possible, however, to affirm, as a matter of law, the precise number of feet from the crossing at which the traveler must look and listen, the underlying test being, did the traveler exercise ordinary care, in view of the danger, in selecting the place?" *Malott* v. *Hawkins, supra.* See, also, *Chicago, etc., R. Co.* v. *Turner, supra.* Merely failing to look east while he was going the distance named does not amount to contributory negligence as a matter of law. *Baltimore, etc., R. Co.* v. *Talmage* (1896), 15 Ind. App. 203; *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398, 409; *Cleveland, etc., R. Co.* v. *Keely* (1894),

Baltimore, etc., R. Co. *v.* Rosborough—40 Ind. App. 14.

138 Ind. 600, 607; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646. "If the facts exhibited are of a character to be reasonably subject to more than one inference or conclusion, under established rules of law, then the ultimate facts of contributory negligence, or due care, should be determined by the jury." *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219. See, also, *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144. The general verdict is overcome by answers to interrogatories only when such answers exclude every reasonable hypothesis consistent with the verdict, which might have been proved under the issues. *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690. The answers to the interrogatories in the case at bar do not show that appellee did not look and listen. They show that he did not look to the east while between the passing track and the main track. His failure to look east while between such tracks may amount to contributory negligence, but such negligence can be declared as matter of law only when the answers show attending conditions so fully as that it can be said that he did not use ordinary care in selecting a place from which to look. The general verdict finds that due care was used by him in that behalf, and the facts specially returned do not exclude the existence of circumstances warranting such conclusion. A correct disposition was therefore made of the motion for judgment. *Stoy* v. *Louisville, etc., R. Co., supra; Pittsburgh, etc., R. Co.* v. *McNeil* (1904), 34 Ind. App. 310; *Cleveland, etc., R. Co.* v. *Penketh* (1901), 27 Ind. App. 210; *Wabash R. Co.* v. *Biddle* (1901), 27 Ind. App. 161; *Chicago, etc., R. Co.* v. *Hedges, supra;* 2 Thompson, Negligence (2d ed.), §§ 1624, 1625. It is insisted that the evidence does not sustain the verdict, in that it shows appellee to have been contributorily negligent. Salient facts disclosed by the record are as follows: The railroad at said crossing consisted of four tracks. The north was

known as the "passing track," ten to thirteen feet south of it was the "main track," eight or nine feet south of the main track was the "scale track." Still further south, and not involved in this occurrence, was the "oil track." There was a curve in the main track between Second and Third streets. The latter street was 300 feet east of the former one. There were buildings in the vicinity, but, in the absence of a map and accurate description, other details cannot be given. There was a sidewalk on the west side of Second street. The street was much traveled. A street-car line occupied a portion of it. Appellee was walking south toward the central part of the city and along said sidewalk. When he came to the crossing he saw a number of cars standing upon the passing track. He looked both east and west, but saw no train or cars on the main track. The scale track was occupied by a freight-train, which obstructed the street, but was moving east and about to vacate the crossing. Appellee went south, expecting to cross the scale track, as it was vacated, and evidently giving attention to the moving train. Appellant kept a watchman at said crossing. His house or booth was south of the scale track. He stood in front of it, and was engaged in conversation with some person as appellee came over the tracks. He made no sign and gave no warning to appellee, who saw him and looked at him as he went across. When appellee reached the south rail of the main track he was struck by a detached coal-car which had been kicked west from Third street in making a flying switch, and was running at from ten to fifteen miles an hour. No one was on the west end. A brakeman was on the east end, but he did not give any warning, and did not know appellee had been struck until he had been dragged some distance, when the motorman on a street-car waiting for the train to pass shouted to him. There was a city ordinance in force on said day making it illegal to run any locomotive, cars, or car within the city limits at a greater rate of speed than five miles an hour. There was also an ordi-

nance in force making it unlawful to run any locomotive or car backward through said city without having a watchman or other person on the rear to prevent accident. In determining whether appellee was contributorily negligent, all relevant facts should have been considered and given such weight as they were entitled to have. Did appellee act in view of them 'all, with ordinary and reasonable care and caution? The jury have found that he did. That he did not look east and discover and avoid the approaching car is in itself a fact tending to convict him of negligence. If appellant attracted his attention otherwise, if it created an appearance of safety, if he was misled by it, then such facts were also relevant. The ordinance limited the speed of cars to five miles an hour. *Chicago, etc., R. Co.* v. *Boggs* (1885), 101 Ind. 522, 527, 51 Am. Rep. 761. The one which struck appellee was running at two or three times that speed. The ordinance required a watchman upon the rear of said car to prevent accident, but none was there, or, if there, he took no steps to prevent accident. When appellee started across, his attention was fixed upon a train moving along a parallel track in an opposite direction to the movement of the car which struck him. He saw a watchman, whose duty it was to give warning of danger, and who gave no warning. The presumption of right action is essential in human affairs. It embraces obedience of the law and the exercise of ordinary care. In the absence of some evidence to the contrary, appellee had a right to presume that appellant would not run its cars in violation of the ordinance, that the watchman would warn him if danger was impending, and that appellant would not operate its trains in such a way as unnecessarily to imperil travelers. He might not rely solely upon such presumptions, and they availed him nothing as against the evidence of his senses, but his acts and omissions must be judged in connection with the presumptions which are taken as a part of the *res gestae* of his conduct, and considered for

what they are worth, and, as stated by Judge Elliott: ''The effect of appellant's failure to obey the local law extends much further than the question whether it was or was not guilty of actionable negligence, for it exerts an important influence upon the question whether the intestate was or was not guilty of contributory fault.'' *Pennsylvania Co.* v. *Stegemeier* (1889), 118 Ind. 305, 309, 10 Am. St. 136. See, also, *Grand Rapids, etc., R. Co.* v. *Cox* (1893), 8 Ind. App. 29, 36; *Madison, etc., R. Co.* v. *Taffe* (1871), 37 Ind. 361; *Louisville, etc., R. Co.* v. *Williams* (1898), 20 Ind. App. 576; *Pittsburgh, etc., R. Co.* v. *McNeil, supra; Pittsburgh, etc., R. Co.* v. *Bennett* (1894), 9 Ind. App. 92; *Indianapolis Union R. Co.* v. *Neubacher* (1896), 16 Ind. App. 21, 38; *Hancock* v. *Lake Erie, etc., R. Co.* (1898), 21 Ind. App. 10, 16; *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426; *Chicago, etc., R. Co.* v. *Boggs* (1885), 101 Ind. 522; *Stoy* v. *Louisville, etc., R. Co., supra; Malott* v. *Hawkins, supra; Chicago, etc., R. Co.* v. *Pulliam* (1903), 111, Ill. App. 305. The evidence shows that appellant's watchman was provided with a flag and red lantern with which to give warning of danger, these facts accord with the duty which he is in law assumed to be charged with. ''The flagman's duty is to know of the approach of trains, and to give timely warning to all persons attempting to cross the railroad track, and the public have a right to rely upon a reasonable performance of that duty.'' *Chicago, etc., R. Co.* v. *Hutchinson* (1887), 120 Ill. 587, 11 N. E. 855, and see *Montgomery* v. *Missouri Pac. R. Co.* (1904), 181 Mo. 477, 500, 79 S. W. 930; *Mitchell* v. *Illinois Cent. R. Co.* (1903), 110 La. 630, 635, 34 South. 714, 98 Am. St. 472; *Chicago, etc., R. Co.* v. *Blaul* (1898), 175 Ill. 183, 185, 51 N. E. 895; *Chicago, etc., R. Co.* v. *Clough* (1891), 134 Ill. 586, 25 N. E. 664, 29 N. E. 184; *Chicago, etc., R. Co.* v. *Wilson* (1890), 133 Ill. 55, 24 N. E. 555; 2 Thompson,

Negligence (2d ed.), §1613. Of crossing accidents caused by making flying switches Mr. Thompson says: "But 11. while the contributory negligence of the traveler will unquestionably be a defense in these, as in other cases, yet the solution of the question what is contributory negligence is undoubtedly modified by the fact of the gross negligence or misconduct of the railway company in thrusting detached cars over the crossing without warning, after the passage of the main portion of the train has tempted the traveler into the belief that the danger is over. While, as already seen, a traveler, on approaching a railroad crossing, is bound to keep a sharp lookout for approaching engines or trains, yet he is not bound to anticipate that the railroad company will commit an act of negligence so gross as to make a 'flying switch' across a public highway." 2 Thompson, Negligence (2d ed.), §1697. The issue of contributory negligence seems very generally, in such cases, to have been left to the jury. *Delaware, etc., R. Co.* v. *Converse* (1891), 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; *Howard* v. *St. Paul, etc., R. Co.* (1884), 32 Minn. 214, 20 N. W. 93; *Patton* v. *East Tenn., etc., R. Co.* (1890), 89 Tenn. 370, 15 S. W. 919, 12 L. R. A. 184; *Butler* v. *Milwaukee, etc., R. Co.* (1871), 28 Wis. 487; *Ferguson* v. *Wisconsin Cent. R. Co.* (1885), 63 Wis. 145, 23 N. W. 123; *Chicago, etc., R. Co.* v. *Hedges* (1886), 105 Ind. 398; *O'Connor* v. *Missouri Pac. R. Co.* (1887), 94 Mo. 150, 7 S. W. 106, 4 Am. St. 364; *Alabama, etc., R. Co.* v. *Summers* (1891), 68 Miss. 566, 10 South. 63; *Phillips* v. *Milwaukee, etc., R. Co.* (1890), 77 Wis. 349, 46 N. W. 543, 9 L. R. A. 521; *French* v. *Taunton Branch Railroad* (1875), 116 Mass. 537; *Brown* v. *New York Cent. Railroad* (1865), 32 N. Y. 597, 88 Am. Dec. 353; *Illinois Cent. R. Co.* v. *Baches* (1870), 55 Ill. 379; *Merz* v. *Missouri Pac. R. Co.* (1886), 88 Mo. 672, 1 S. W. 382. These considerations apply also to the questions argued as relating to instructions, and the judgment is affirmed.