Ellis *v.* City of Hammond.

---

### ELLIS, BY HIS NEXT FRIEND, *v.* CITY OF HAMMOND.

[No. 19,176. Filed October 10, 1901.]

157  267
f157  514
.157  267
164  451

TRIAL.—*Misconduct of Juror.—New Trial.*—Misconduct of a juror is not available as a ground for a new trial where the complaining party's counsel had knowledge thereof before verdict and made no objection thereto until after verdict was returned. *p. 269.*

NEW TRIAL.—*Evidence.—Surprise.—Trial.*—In order to obtain a new trial under subdivision three of §568 Burns 1901 because of surprise at the testimony of a witness, a motion for a continuance should be made, or that the submission be set aside and the cause withdrawn from the court or jury. *pp. 269, 270.*

SAME.—*Newly Discovered Evidence.*—A new trial will not be granted plaintiff in an action for damages for personal injuries resulting

from an alleged defective street on newly discovered evidence of physicians as to the character of the injuries sustained. *pp. 270, 271.*

APPEAL AND ERROR.—*Harmless Error.—Instructions.*—A cause will not be reversed because of an erroneous instruction, where the answers to interrogatories affirmatively show that the general verdict was right. *p. 271.*

From Lake Superior Court; *H. B. Tuthill,* Judge.

Action by Albert M. Ellis, by his next friend, against the city of Hammond for damages for personal injuries caused by an alleged defective street. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*M. M. Bruce* and *O. J. Bruce,* for appellant.
*B. Borders* and *L. Becker,* for appellee.

JORDAN, J.—Appellant sought to recover a judgment against appellee for $10,000 for personal injuries sustained by reason of the alleged negligence of appellee in maintaining a defective sidewalk. A trial by jury resulted in a verdict being returned in favor of the appellee, and along with this general verdict the jury returned answers to a series of interrogatories. The trial court denied appellant's motion for a new trial, and rendered judgment upon the verdict, that he take nothing by his action. The error assigned in this appeal is the overruling of the motion for a new trial. The grounds upon which appellant bases his right to a reversal of the judgment may be enumerated as follows: (1) Misconduct of a juror; (2) surprise at the evidence given by one of his own witnesses; (3) newly discovered evidence; (4) error of the court in giving instruction number eight.

In verification of the first of the above enumerated grounds, appellant in the lower court filed the affidavit of Milo M. Bruce, the attorney who represented him in the cause below, and also his counsel in this appeal. This affidavit discloses that after the jury had retired to their room to deliberate upon a verdict, that the affiant, while in a room adjoining the one where the jury was deliberating, heard one of the jurors make the following statement in the presence

of the other members: "Since hearing the evidence I went over to the place where the evidence showed that plaintiff was injured and inspected the sidewalk. It is in good repair, and the best piece of sidewalk on North Homan street. I have traveled over the sidewalk many times during the last year, and it is good."

Affiant further stated in his affidavit that he believed that the juror who made this statement was Henry Kersper. It is fully disclosed by this affidavit that appellant's counsel had knowledge of the alleged misconduct of the juror before the jury had agreed upon their verdict. The knowledge of his counsel under the circumstances must be imputed to him. Conceding then, without deciding, that the alleged misconduct was of a character that might vitiate the verdict of the jury, and also that such misconduct was properly presented to the lower court by the affidavit in question, still it is not available in this appeal, because appellant's objections thereto were not seasonably interposed in the trial court under the rule asserted and enforced by the decisions of this court. See *Messenger* v. *State,* 152 Ind. 227, and cases there cited.

In support of the reason for a new trial on the ground that the plaintiff below was suprised at the evidence given on the trial by one of his own witnesses, he filed the affidavit of his counsel. This affidavit discloses that about two weeks prior to the trial the witness in question stated to the plaintiff's attorney that one of the planks in the sidewalk in dispute "had a dry rot in the side" about a foot long and wide enough for a person to catch his foot in it, and that the plank had been in that condition for about six months prior to the time plaintiff received his injuries. It appears that when the witness was placed upon the stand to testify in behalf of plaintiff, that he denied these facts, and by reason of this denial appellant alleges that he was surprised, etc. Under the third subdivision of our civil code defining causes for a new trial, accident or surprise against which ordinary pru-

dence could not have guarded is made a ground upon which a new trial may be granted. Section 568 Burns 1901, §559 Horner 1897.

Appellant, it seems, did not move the court for a continuance because of his alleged surprise, but permitted the trial to proceed without in any manner presenting the matter to the court until after the return of the verdict. Had he moved for a continuance, and shown proper grounds therefor, no doubt his motion would have been sustained. In fact the usual procedure, under such circumstances, in the first instance, is either to move for a continuance, or to have the submission set aside and the cause withdrawn from the jury, or court, as the case may be. Where the complaining party neglects to do this, he will, in the event of an unfavorable verdict, be required to establish a very strong and clear case, before a new trial will be awarded him upon the ground of surprise at the testimony of a witness. *Louisville, etc., R. Co.* v. *Hendricks,* 128 Ind. 462, and cases there cited; *Kelley* v. *Kelley,* 8 Ind. App. 606. This, appellant has not done. As to when and under what circumstances a new trial will be granted upon the ground of surprise, see the decisions of this court collected in 2 Woollen's Tr. Proc. §4403.

It is next insisted that a new trial ought to have been granted for newly discovered evidence. But the new evidence which appellant professed to have discovered consisted of facts, to which certain named physicians would testify, in regard to the nature or character of the injury which he has sustained by reason of the accident. These facts, if proved, would bear only upon the question of the amount of damages that should be awarded to plaintiff in the event he sustained his cause of action. The evidence in question would have no tendency whatever to produce a finding or verdict in his favor upon his alleged cause of action, and hence it could have no weight or effect in producing a verdict or finding different from the one returned. Under such circumstances

a new trial will not be granted for newly discovered evidence. *Simpson* v. *Wilson,* 6 Ind. 474; *Sullivan* v. *O'Conner,* 77 Ind. 149; *Morrison* v. *Carey,* 129 Ind. 277; *Jackson* v. *Swope,* 134 Ind. 111; *Smith* v. *State,* 143 Ind. 685.

Even should it be conceded that the eighth instruction given by the court, of which appellant complains, is erroneous, we could not reverse the judgment for that reason, because it is affirmatively shown by the answers of the jury to the interrogatories that the general verdict in this case is right. *Moore* v. *Lynn,* 79 Ind. 299, and cases there cited. Again, for the further reason that an examination of the evidence discloses that the judgment rendered is correct. §670 Burns 1901.

Judgment affirmed.