SIEGEL, COOPER & CO.

*v.*

DOMINICK NORTON.

*Opinion filed April 20, 1904.*

1. EVIDENCE—*when evidence as to arrangement for plaintiff's safety is proper.* Testimony as to the arrangement between the superintendent of a building and an independent contractor for the safety of the latter's servant while re-plastering the walls of an elevator shaft is competent in an action by the servant against the owner of the building for injuries received in the work, although the arrangement was not made in the servant's presence.

2. SAME—*what testimony not material in action for injuries.* In an action for injuries to the plaintiff through the negligence of an elevator boy in running the elevator to the bottom of the shaft in violation of his instructions to stop at the ground floor while plaintiff was at work in the shaft, the reasons why the boy stopped at the ground floor on certain former trips are immaterial.

3. NEGLIGENCE—*what does not excuse defendant's negligence.* Liability of the owner of a building for negligent disregard of the arrangement made with a contractor for the safety of the latter's servant while working in an elevator shaft is not excused by reason of the fact that the contractor might have made better arrangements for his servant's safety.

4. APPEALS AND ERRORS—*when record need not state that no instructions are omitted.* Where the instructions given at the instance of each party, and those refused, are numbered consecutively in the record and the abstract, it is not necessary to state that the record and abstract contain all of the instructions given, in order to enable the Supreme Court to consider error as to the ones refused.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

O. W. DYNES, for appellant.

EDMUND S. CUMMINGS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment recovered by appellee in the superior court of Cook county against appellant for damages resulting from a personal injury alleged to have been due to the negligence of appellant. From the judgment of affirmance this appeal was prosecuted.

It is first contended that the trial court erred in ruling on the admission of evidence. The facts which the evidence on the part of the plaintiff tended to prove are substantially as follows: Plaintiff was in the employ of Peter Ray, a contractor, who took the job of patching the plastering on the walls and beams of two elevator shafts in the basement of defendant's department store. In doing the work Ray was an independent contractor, and not an employee of the defendant. The elevators were used for carrying freight, and about three feet above the main floor of the building there was a landing for the delivery of freight into an alley. The distance from the basement floor to the main floor was about thirteen feet and the platform was about sixteen feet above the basement floor. Before beginning the work, Ray and plaintiff had a talk with William Weber, defendant's superintendent. Weber showed them the places that were to be plastered and patched, and told them that they could stop the elevators from running below the alley landing or main floor while they were working beneath. Ray assented to do the work with that arrange-

ment, and Weber called the boys operating the elevators and told them that the men were going into the elevator shafts to do some patching, and ordered them to run the elevators in accordance with the arrangement while the work was being done. The contractor, Peter Ray, then left, and plaintiff commenced the work, assisted by John Ray, the son of his employer, as helper. The work was completed in one of the elevator shafts, the elevator not running below the alley landing while the work was being done. When the work in that shaft was completed and plaintiff was going into the second shaft, he and his helper, Ray, told the boy who was running the elevator that they were going in there, and the boy said, "All right." Plaintiff stood on a step-ladder while doing the work, and the elevator made two or three trips, stopping at the alley landing above him. The next trip, without any warning or notice, the elevator descended below the alley landing to the main floor, or below, and struck the plaintiff, throwing him to the bottom of the shaft, breaking his hip bone and otherwise injuring him.

The evidence proved the defendant guilty of negligence which was the proximate cause of the injury, and there was no evidence tending to prove the contrary. The alleged erroneous rulings on the admission of evidence were made on the examination of plaintiff's employer and the boy who ran the elevator. The employer, Ray, testified that Weber assured him it would be perfectly safe to work in the elevator shaft under the arrangement made, and this testimony was objected to because Weber's statement was not made in the presence of plaintiff. The purpose of the testimony was to show the arrangement for stopping the elevator under which Ray set the plaintiff to work, and to prove the negligence of the defendant in disregard of the agreement. It was not necessary that the arrangement should have been made in the presence of the plaintiff. On the examination of the boy who was running the elevator, he

testified that he stopped at the alley landing on the first two or three trips, and was then asked by defendant's counsel why he stopped there. An objection to the question was sustained. Counsel for defendant contended that it was material to show whether he stopped there in obedience to instructions or for some other reason, and he now says that he wanted to prove that the boy had loads for the alley landing and stopped there for that reason. Defendant was not prevented from proving that fact, if it was a fact, but the reasons which actuated the boy in stopping at the alley landing were immaterial. It was the duty of the defendant to operate its elevator in such manner as not to injure the plaintiff while properly working under it in the shaft, and any reasons that existed for stopping at the alley landing on the first two or three trips would afford no justification for the subsequent disregard of duty.

It is also urged that the court should have directed a verdict for the defendant on the ground that plaintiff was not in the exercise of ordinary care for his own safety. The helper, John Ray, testified that just before the accident he cautioned plaintiff that the elevator boy might forget himself; that he saw the elevator coming down and commenced yelling; that plaintiff did not have a chance to make an answer, but looked up and commenced to yell just before the elevator struck him. The elevator boy testified that he heard the shouting in the shaft and heard the ladder fall. It could not be said, as a matter of law, that the plaintiff, who was working on the step-ladder with tools in his hands, had time to get out of the way or could have avoided the injury by the exercise of ordinary care. That question was properly submitted to the jury.

Complaint is also made of the refusal of the court to give two instructions asked by the defendant, the first of which stated that the relation of master and servant did not exist between plaintiff and defendant, and that

negligence on the part of plaintiff's employer was not negligence for which the defendant would be liable; and the second stated, that if the jury should believe, from the evidence, that the sole cause of the accident was negligence on the part of the employer, the verdict should be not guilty. Counsel for appellee replies that this assignment of error cannot be considered, because the record and abstract do not show that the instructions contained therein are all the instructions given to the jury by the court. We have frequently held that where the abstract does not contain all the instructions given we will not consider an assignment of error on the refusal of an instruction, for the reason that there may have been another covering the point contained in the refused instruction. But that is not the case here. There is nothing appearing in either the record or abstract to indicate that they do not contain all the instructions. In practice, the instructions are usually separate and numbered, together constituting the charge of the court to the jury, and where the record and abstract purport to give the instructions, it is not necessary to state that no part of the connected series has been omitted. In this case the instructions given at the instance of each party, and the instructions refused, are numbered consecutively, and there is nothing indicating that anything is omitted, so that there is no warrant for assuming that there has been any omission. We are of the opinion, however, that these instructions were not based on any evidence in the case and could not have benefited the defendant if given. It is true that the relation of master and servant did not exist between plaintiff and defendant and that defendant was not liable for any negligence of plaintiff's employer, but it was responsible for its own negligence which was proved and not disputed. However negligent plaintiff's employer might have been, his negligence would not have relieved defendant of liability. The ground for insisting that the employer was negligent is, that he did

not put in a beam or timbers or block the elevator shaft to protect the plaintiff from possible negligence of the defendant. If there were any warrant for saying that the employer was negligent in that respect it would not inure to the benefit of the defendant. The jury could not have found that the sole cause of the accident was negligence on the part of the employer, which would have been in direct contradiction of every fact proved on the trial.

We find no error in the record. The judgment of the Appellate Court is affirmed.          *Judgment affirmed.*