# RINK v. LOWRY, BY NEXT FRIEND.

[No. 5,655.    Filed May 29, 1906.]

1. APPEAL AND ERROR.—*Assignment of Errors.—Demurrer to Complaint in Two Paragraphs.*—An assignment that the court erred in overruling a demurrer to a complaint is not well taken where such complaint is in three paragraphs and one of them is sufficient.    p. 135.

2. PLEADING. — *Complaint. — Negligence. — Elevators.* — A complaint showing that the plaintiff, an employe of a telephone company, was requested by defendant to repair his telephone; that while engaged in such work defendant negligently set in motion the elevator, thereby injuring plaintiff, is sufficient. p. 136.

3. TRIAL.—*General Verdict.—Interrogatories to Jury.—Answers. —Conflict.*—The general verdict controls unless the answers to the interrogatories to the jury are in irreconcilable conflict therewith.    p. 136.

4. SAME. — *Instructions.—Refusal.—Harmless Error.—Answers to Interrogatories to Jury.*—The giving of an alleged erroneous instruction ignoring the question whether the operator of the defendant's elevator was acting within the scope of his authority when he agreed with plaintiff not to operate the same while plaintiff was at work thereunder, is harmless where the jury's answers to the interrogatories show that he was so acting when he made such promise.    p. 137.

5. SAME.—*Instructions.—Refusal.—Answers to Interrogatories to Jury.*—The refusal to give an alleged correct instruction that neglect of duty by defendant will not excuse plaintiff from using his senses is not available error where the answers to the interrogatories to the jury show that plaintiff, with defend-

ant's knowledge, was working in an elevator shaft where he was required to do his work and where he was required to keep his eyes on his work.  p. 137.

6.  NEGLIGENCE. — *Elevators.* — *Operation.* — Where plaintiff was solicited by defendant to repair the telephone batteries situated in the elevator shaft, and, upon the agreement of defendant's elevator operator not to run such elevator, plaintiff began work in such shaft, and while at work such elevator operator started such elevator, thus injuring plaintiff, defendant is liable.  p. 138.

7.  SAME. — *Licensees.* — *Evidence.* — *Inferences.* — An employe of a telephone company in making repairs to defendant's telephone at defendant's request is not a mere licensee, and such request may be inferred from other facts proved.  p. 140.

8.  MASTER AND SERVANT.—*Servant's Agreeing to Cease Work Until Plaintiff Makes Repairs.*—The operator of defendant's elevator, who agrees with plaintiff to cease running such elevator until plaintiff has completed certain repairs in the shaft thereof, is defendant's servant during such time, and not plaintiff's.  p. 140.

9.  NEGLIGENCE. — *Contributory.* — *Upon What Depends.*—Negligence and contributory negligence depend largely upon the facts of each case, all of the circumstances being taken into account.  p. 141.

10.  SAME. — *Contributory.* — *Elevators.* — *Question for Jury.* — Where there was evidence that plaintiff was injured because defendant's servant started defendant's elevator in violation of his agreement with plaintiff not to do so while plaintiff was engaged in making repairs, the questions of negligence and contributory negligence are for the jury.  p. 141.

From Superior Court of Marion County (66,553); *Vinson Carter,* Judge.

Action by Jean Lowry, by his next friend, against Joseph A. Rink and others.  From a judgment on a verdict for plaintiff for $5,000, defendant Rink appeals.  *Affirmed.*

*William A. Ketcham* and *Joseph W. Hutchinson,* for appellant.

*John H. Kingsbury* and *Joseph Collier,* for appellee.

COMSTOCK, P. J.—Appellee, by his next friend, brought this action against appellant, Joseph A. Rink, one of the

defendants below, and his codefendants, Homer Johnson and the New Telephone Company, for damages for personal injuries received by him.

The complaint was in three paragraphs, in all of which the same general facts are relied on. The defendants each separately filed a demurrer to the complaint, for want of sufficient facts. The separate demurrer of the New Telephone Company was sustained by the court, and, the plaintiff refusing to plead further, judgment was rendered against him as to said defendant. The separate demurrers of the defendants Johnson and Rink were overruled by the court, whereupon the cause was put at issue by general denials. Upon the issues thus joined, the cause was tried by a jury, a verdict returned for $5,000, together with answers to interrogatories. Each defendant moved for judgment in his favor on the answers of the jury to interrogatories, notwithstanding the general verdict, and filed his separate motion for a new trial, which motion for judgment in his favor and for a new trial, respectively, being overruled, the court rendered judgment upon the verdict against the defendants Rink and Johnson, for the amount of the verdict.

The errors relied upon for reversal are that the court erred (1) in overruling appellant Rink's separate demurrer to the complaint; (2) in overruling the separate motion of Rink for judgment in his favor on the answers of the jury to the interrogatories, notwithstanding the general verdict; (3) in overruling the separate motion of Rink for a new trial.

The first paragraph of the complaint, omitting formal parts and character of injuries, avers in substance that on October 3, 1903, while engaged in the service of, and acting for and as the servant of, defendant New Telephone Company, the plaintiff was, by direction, invitation and allurement of defendant Joseph A. Rink, induced to enter

upon the premises of Rink, and did go into a certain building thereon for the purpose of making repairs on the telephone battery therein, which battery was used by the defendant Rink under a contract with the New Telephone Company; that said battery was located at the bottom of the elevator shaft in said building, and that to execute the work properly it was necessary to enter the elevator shaft, and that he did enter the shaft for said purpose, but that before he did so he notified defendant Homer V. Johnson, who was the servant of defendant Rink, in charge of the elevator as conductor thereof, that he desired to repair said battery and that it would be necessary to enter the shaft to do so; that the defendant Johnson assured plaintiff that he would not allow said elevator to descend onto him, and would not operate or permit said elevator to be operated so as to injure plaintiff while therein; that, pursuant to said assurances and relying thereon, he entered said shaft to make said repairs, and within five minutes thereafter, while diligently engaged in executing said work, defendant Johnson in charge of said elevator as the servant of defendant Rink, and while discharging the duties of his employment with and acting for and in behalf of defendant Rink, negligently, with knowledge of the perilous position plaintiff was in and that plaintiff would be injured thereby, and without any notice to plaintiff, caused said elevator and the machinery thereof to be set in motion and operated, whereby a part of the machinery, to wit, the counterweight thereof, was precipitated with great force and violence upon and against the plaintiff, injuring him. The complaint concludes with the general charge of negligence of the defendant and that he himself was without contributory negligence.

It is pointed out by the appellee that the assignment of errors challenges the complaint as an entirety, and that therefore, if either paragraph be good, no error is presented by the first specification in the assignment. The assignment is as follows: "The court

erred in overruling the defendant Rink's separate demurrer to the complaint." Under several decisions of the Supreme Court the proposition is true. *Cambridge Lodge* v. *Routh* (1904), 163 Ind. 1.

It is stated in appellant's brief that the first paragraph alleges that at the time in question plaintiff had been induced to enter upon the premises of appellant by his direction, invitation and allurement; that its general allegation must fail in the face of the subsequent allegation "that he was there as a servant of the New Telephone Company for the purpose of making repairs on the battery of said company, and for no other purpose; that it thus affirmatively appears that he was on appellant's premises solely for his own purposes and was therefore a mere licensee." Another averment is: "And used by defendant Rink under a contract with the New Telephone Company," etc. These averments do not support the claim made, nor can we concede that it appears from any other averments of the paragraph that appellee was on appellant's premises solely for his own purposes. The averments show, in effect, that appellee entered the premises, and upon the work in which he was engaged, at the request of appellant; that the servant of appellant while in the discharge of the duties of his employment and acting for and in behalf of said Rink, negligently set in motion said elevator, thereby injuring appellee, without any fault or negligence on his part. It was sufficient to withstand a demurrer, and the consideration of the other paragraphs, under the rule, is unnecessary.

We have carefully read the interrogatories and the answers thereto, and we find no irreconcilable conflict between them and the general verdict, and the motion to render judgment on them in behalf of appellant was therefore properly overruled.

The objection made to instruction twelve, to quote from appellant's brief, is that it "wholly ignored the question

as to whether Johnson, at the time he made the agreement with appellee to refraim from operating the elevator while appellee was in the pit, was acting within the scope of his authority. It referred to the agreement as one of the elements of appellee's case, as it undoubtedly was, but it did not instruct the jury that the conclusion announced in the instruction was on the basis that Johnson was acting within the scope of his authority in making the agreement referred to, and that if he was not so acting a different conclusion would follow as to appellant. But on the contrary, the instruction was so worded that it was calculated to lead the jury to the conclusion that the court was instructing them that Johnson's agreement was binding upon appellant." The instruction is lengthy and we do not deem it necessary to insert it here in its entirety. Interrogatories fifty-two and fifty-three and answers thereto are as follows: "(52) At the time defendant Johnson assured plaintiff that he would not operate the elevator while plaintiff was in the shaft, was said Johnson acting for and in behalf of defendant Rink, and was he acting as said Rink's servant in the line of his employment in that particular? A. Yes. (53) Was defendant Johnson, at the time he set said elevator in motion and operated it, engaged in the service and discharge of the duties of his employment as servant, agent and employe of his codefendant, Joseph A. Rink? A. Yes." The instruction did not, therefore, mislead the jury and appellant was not harmed thereby. Elliott, App. Proc., §642; *Morgan* v. *Jackson* (1904), 32 Ind. App. 169; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267.

Instruction nine refused by the court, if given, would have told the jury "that no neglect of duty on the part of another will excuse a person from using the senses, sight and hearing, where they are available, and that injury, where the use of either of them would have given sufficient warning to enable such person to avoid

the danger, conclusively proves negligence, and that if for any cause one of those senses be rendered unavailable, the obligation to use the other becomes all the stronger." In answer to interrogatory thirty-seven, it is found that the work plaintiff was engaged in required his close attention; in thirty-eight, that it was necessary to keep his eyes on the work in which he was engaged; thirty-nine, that plaintiff's mind was so engrossed with the execution of the work in hand that he did not see or hear the danger until the weight of the elevator struck him. These findings show that he was engaged in proper work, in the only place in which it was necessary to go for this purpose, under circumstances in which he was obliged to keep his eyes on his work, so that if we concede that the instruction requested correctly stated the law, yet when the facts found show that the appellee could not, in the prosecution of his work, have been looking for the weight, its refusal was harmless, conditions existing under which the use of his eyesight was unavailing. The court did not err in refusing said instruction.

The evidence shows that Joseph A. Rink, a defendant below, was on October 3, 1903, the owner and in possession of property on Illinois street, in the city of Indianapolis. He had in his employ his co-defendant Homer V. Johnson, whose duty it was to operate the elevator for the benefit of the tenants of the flat, and any others who might have occasion to use it, and Mallory Miller, janitor, who had general control of the building. The elevator was practically noiseless in its movement up and down in the shaft. Upon his application, the New Telephone Company put in a telephone with the necessary equipments, which was in use at the time in question. The New Telephone Company owned the telephone and all the appurtenances thereof, and it was understood that the telephone company was to keep it in repair, and for that purpose and to that extent appellant herein gave it the privilege of entering his premises whenever any

such repairs were needed. On the date named the telephone company received a request from the Rink flats to repair the telephone. Lowry was in the employ of the telephone company at that time, and was sent to repair it. He had been in the employ of the telephone company about three weeks prior to the accident. Pursuant to the order of Mr. George, wire chief, on October 3, 1903, Lowry went to the Rink flats to repair the batteries. He entered the flat from the front entrance. Homer Johnson was the first one he saw. Johnson was standing in the elevator. Lowry told him his purpose for being there, and Johnson thereupon pointed in the hall to the telephone. Lowry told him it was not the telephone proper, but it was the batteries he wanted to fix, and then Johnson took him to the basement. Both went down in the elevator. Lowry then told him to run the elevator up and hold it and not move it and he would let him know when he came out from under it. Just as Johnson got the elevator out of sight, Miller came up, and Lowry told him what he was going to do and he (Miller) called Johnson by his first name and said: "Homer, don't run the elevator for a few minutes, this young man is going to be working there." Lowry then asked Miller if it was all right to go ahead, and he said: "Yes, that is all right, I often work under there." Miller was not seen any more that day. After Miller had gone Lowry jumped into the pit and started to go to work, but found it was too dark and so got up and called to Johnson and told him he would have to have a light, and asked him for a candle. Johnson came down and got a candle for Lowry, and Lowry told him to run up the elevator and said to him: "For God's sake don't run that elevator," and Johnson said: "All right." After Johnson had run the elevator up and it had stopped, Lowry got into the pit and started to do his work. He was standing about the east end of the battery box, facing north. However, he says he did not know whether he was standing between the two

guard-rails or not; that he did not look around him at the time; his work required very close attention. He had not been in the pit to exceed a minute when Johnson set the elevator in motion and plaintiff was struck by the counter-weight and received the injuries for which he sues.

There is evidence that appellee engaged in the work of repairing the battery upon the invitation of appellant. It was for the mutual benefit of appellant and the

7.    telephone company, and the former owed appellee protection. The invitation may be inferred from the facts proved. *Indiana, etc., R. Co. v. Barnhart* (1888), 115 Ind. 399; *Toledo, etc., R. Co. v. Hauck* (1893), 8 Ind. App. 367, and cases cited; *Harmer v. Reed Apartment, etc., Co.* (1902), 68 N. J. L. 332, 53 Atl. 402; *Siegel, Cooper & Co. v. Norton* (1904), 209 Ill. 201, 70 N. E. 636; *Atlanta, etc., Oil Mills v. Coffee* (1887), 80 Ga. 145, 4 S. E. 759, 12 Am. St. 244; *Kinchlow v. Midland Elevator Co.* (1896), 57 Kan. 374, 46 Pac. 703; *Wilson v. Olano* (1898), 51 N. Y. Supp. 109; *Coughtry v. Globe Woolen Co.* (1874), 56 N. Y. 124, 15 Am. Rep. 387; *Indermaur v. Dames* (1866), L. R. 1 C. P. 274; Beach, Contrib. Neg. (3d ed.), §§51, 67, 69. Appellee was not a mere licensee.

Appellant's servant in charge of the elevator did not step aside from his duties and his master's business in agreeing to hold the elevator, it being the duty of

8.    the appellant to protect appellee. Appellant's servant could not, while discharging the duty of his master, be deemed a servant of appellee. *Pittsburgh, etc., R. Co. v. Kirk* (1885), 102 Ind. 399, 52 Am. Rep. 675; *Noblesville, etc., Gravel Road Co. v. Gause* (1881), 76 Ind. 142, 40 Am. Rep. 224; *Post v. Stockwell* (1887), 44 Hun 28.

Appellant cites a number of cases to the effect that the law places a duty upon every person in respect to his rela-

tion with others, to exercise his faculties for his
9. own safety, and that he cannot relieve himself of
the duty by an agreement with another to perform
it for him. As a general proposition this is correct, but
whether a party has been guilty of contributory negligence
must depend upon the particular facts of each case. The
promises and agreements under which hazard is assumed,
the conditions existing making effective or ineffective, and
the use of the natural senses, are to be taken into account
in determining the question of negligence. The numerous
cases cited by appellant upon the foregoing proposition
may, we think, be distinguished from the case at bar.

There is evidence within the issues to support the finding
of facts, and to support the verdict. The plaintiff was at
work in a proper place, not necessarily dangerous if
10. the promise of the appellant made through his
servants had been kept, and was injured by the
negligence of appellant and without contributory negli-
gence on his part, as found by the jury.

The judgment is fairly justified by the law and the evi-
dence. Affirmed.