# Lake Shore and Michigan Southern Railway Company *v.* Myers.

[No. 7,537.   Filed May 29, 1912.   Rehearing denied December 31, 1912.]

1. NEGLIGENCE.—*Complaint.—Charges of Several Acts of Negligence.*—A complaint for personal injuries is not objectionable for charging several acts of negligence in one paragraph, unless it counts upon the combined effects of two or more of the alleged negligent acts.   p. 62.

2. NEGLIGENCE.—*Complaint.—Charges of Several Acts of Negligence.—Proof.*—Where several acts of negligence are charged in the same paragraph of complaint, proof that any one of such acts was the proximate cause of the injury is sufficient to sustain the action.   p. 62.

3. RAILROADS.— *Crossing Accident.— Complaint.— Sufficiency.*— In an action against a railroad company for injuries received in a crossing accident, a complaint averring that defendant maintained double tracks across a street that was used by many people, that such crossing was dangerous and was so recognized by defendant, that on the evening of the injury, plaintiff was waiting to cross as soon as defendant's west-bound train had passed, that such train was closely followed by another train on the same track, that plaintiff attempted to cross when said train had passed and was struck by an east-bound train which approached without notice or warning, and charging negligence in failing to light the crossing, in failing to maintain a flagman thereat, in running the west-bound trains in such close proximity to each other as to divert plaintiff's attention from the danger of the east-bound train, in failing to give warning or signal of the approach of the east-bound train, and in running said train at a dangerous rate of speed, sufficiently averred actionable negligence warranting a recovery in the absence of contributory fault on the part of plaintiff.   p. 63.

4. NEGLIGENCE.—*Complaint.—Contributory Negligence.—Jury Question.*—Where, in an action for personal injuries, the averments of the complaint do not show contributory negligence as a matter of law, it is for the jury to determine from the evidence whether plaintiff used due care to prevent the injury.   p. 63.

5. RAILROADS.—*Crossings.—Signals.—Duty.*—It is the duty of a railroad company, independently of statute or ordinance, to give reasonable and timely warning of the approach of its trains to a public highway crossing.   p. 64.

6. RAILROADS. — *Crossing Accident.* — *Contributory Negligence.* — *Verdict.*—*Answers to Interrogatories.*—Where, in an action for injuries sustained in a railroad crossing accident, the jury's answers to interrogatories show that plaintiff looked and listened before attempting to cross the tracks, that he heard no sound or signal of a train from the west on the north track, but saw a train approaching from the east on the south track, the speed of which he could not determine, that his line of vision was cut off and that as he approached the north track he heard a signal which confused him and caused him to halt, and that his position on the south track was one of danger, it cannot be said that plaintiff was negligent as a matter of law in attempting to cross the north track, since he was not bound to wait until absolutely certain that no train was approaching on the north track, but to use ordinary care in attempting to cross, and such answers are not in irreconcilable conflict with the finding in the general verdict for plaintiff, that he was in the exercise of ordinary care. p. 65.

7. APPEAL.— *Review.*— *Verdict.*— *Answers to Interrogatories.*— A general verdict will not be set aside on appeal on answers to interrogatories that are not in irreconcilable conflict therewith. p. 66.

8. TRIAL.—*Answers to Interrogatories.*—*Contradictory Answers.*— *Effect.*—Where the answers to interrogatories returned by the jury are contradictory, they nullify each other and are rendered ineffective. p. 68.

9. RAILROADS.—*Crossing Accident.*—*Care Required by Person in Perilous Position.*—*Contributory Negligence.*—The law does not hold a person, who, without fault on his part, is placed in a position of imminent peril, to the same rule of deliberation and care that governs one who is not in such peril and has time and opportunity more accurately to determine his line of conduct, so that where plaintiff, after waiting for a west-bound train to pass on defendant's south track, saw another west-bound train approaching while he was crossing the track, and after he had advanced far enough to see an east-bound train on the north track, was in a position of peril from which there was no escape, except by continuing across the north track or retreating across the south track, it cannot be said as a matter of law that he was guilty of contributory negligence, but the question was one for determination by the jury. p. 69.

10. RAILROADS.—*Highway Crossings.*—*Rights of Persons on Highway.*—The rights of a person on a public highway are equal to those of a railroad company whose tracks are situate thereon, except as to the latter's right of priority when both need to use the highway at the same time. p. 70.

11. RAILROADS.— *Crossings.— Signals.— Statutory Provision.*— Section 5431 Burns 1908, §4020 R. S. 1881, requiring the sounding of the whistle and the ringing of- the bell on the approach of a train to a crossing, applies to crossings in an incorporated town, in the absence of an ordinance of the town prescribing different regulations. pp. 70, 71.

12. RAILROADS.—*Crossing Accident.—Instructions.—Harmless Error.*—An instruction in an action against a railroad company for injuries incurred in a crossing accident, stating that the whistle on defendant's engine should have been sounded when the train was within eighty rods of the crossing, though technically incorrect, was harmless where the jury found that the whistle was not sounded at all. p. 71.

13. APPEAL.—*Review.—Instructions.—Invading Province of Jury.— Refusal.*—An instruction which invades the province of the jury is properly refused. p. 71.

14. RAILROADS.—*Crossing Accident.—Instructions.—Harmless Error.*—In an action against a railroad company for injuries received in a crossing accident, an instruction submitting to the jury the question of whether ordinary care on the part of defendant required the presence of a watchman at the crossing, and an instruction on defendant's liability with reference to lighting the crossing, if erroneous, were harmless, where the jury by its answers to interrogatories, found that defendant's failure to sound the whistle or ring the bell as the train approached the crossing was the proximate cause of plaintiff's injury. p. 73.

15. APPEAL.—*Burden of Showing Error.*—Appellant must show prejudicial error, to obtain relief on appeal, since a judgment will be affirmed where the only errors disclosed by the record were harmless. p. 74.

16. APPEAL.—*Review.—Harmless Error.—Evidence.*—The erroneous admission of evidence which in no way affected the result of the case, was harmless. p. 75.

From DeKalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by Guy Myers, by his next friend, George Myers, against the Lake Shore and Michigan Southern Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter Olds* and *F. J. Jerome,* for appellant.
*P. V. Hoffman* and *C. M. Phillips,* for appellee.

FELT, J.—Appellee brought this action, by his next friend, for damages resulting from an injury to appellee alleged to

have been caused by the negligence of appellant. There was a trial by jury, verdict for appellee in the sum of $1,000 and judgment thereon.

The first error assigned and relied on by appellant is that the court erred in overruling the demurrer to the complaint.

The complaint, in substance, avers that appellant's double-track railroad crosses a street in the business center of Waterloo; that said crossing was used by many people, both on foot and in vehicles; that it was a dangerous crossing, and was so recognized by appellant; that on the evening of April 4, 1908, appellee was at said crossing, waiting to cross said railroad as soon as one of appellant's west-bound freight-trains had passed; that said west-bound freight was closely followed by another train on the same track; that when said freight had passed, appellee, without warning or notice of the approach of another train, attempted to cross, and was struck by an east-bound train, and injured.

It is then charged that appellant was negligent (1) in not maintaining a flagman at said crossing during the evening, (2) in failing to keep said crossing lighted, (3) in running a second train in such close proximity to said west-bound freight as to divert appellee's attention from danger on the other track from a train running in the opposite direction, (4) in negligently failing to give the statutory or any other warning of the approach of said east-bound train, and (5) in running said train over said crossing at night at a dangerous rate of speed of twenty miles an hour.

It is not a valid objection to a complaint for personal injuries that it charges several acts of negligence in the same paragraph. Proof that any one of such acts was the

1. proximate cause of the alleged injury is sufficient to sustain the action, unless the complaint counts upon the combined effects of two or more of such al-

2. leged acts. *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 149, 73 N. E. 91; *Standard Oil Co.* v. *Bow-*

ker (1895), 141 Ind. 12, 16, 40 N. E. 128; *Pittsburgh, etc., R. Co.* v. *German Ins. Co.* (1909), 44 Ind. App. 268, 271, 87 N. E. 995; *New York, etc., R. Co.* v. *Callahan* (1907), 40 Ind. App. 223, 225, 81 N. E. 670.

The averments of the complaint are sufficient to charge appellant with actionable negligence, and to warrant a recovery in the absence of ·contributory fault on the part of appellee. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 650, 70 N. E. 985. The averments of the complaint do not show appellee to have been guilty of contributory negligence as a matter of law, and it was, therefore, a question for the jury to determine from the evidence whether he used due care to prevent the injury. *Cleveland, etc., R. Co.* v. *Miles, supra,* 654; *Baltimore, etc., R. Co.* v. *Rosborough* (1907), 40 Ind. App. 14, 18, 80 N. E. 869.

The substance of the jury's finding in its answers to interrogatories is as follows: Appellee was injured about 8 o'clock p. m. on April 4, 1908, by being hit by an eastbound freight-train on the north main track of appellant's railroad, at the crossing of said railroad and Wayne street, one of the business streets of the town of Waterloo; that said train was running at a speed of about twenty-five miles an hour; that at said crossing there were two main tracks, and two side-tracks south of the main tracks; that said crossing was much used by the people of the town and surrounding country; that the night of April 4, 1908, was a dark night, and said crossing was not so lighted that the north track could be seen for any considerable distance on such a night while a train was passing over said crossing on the south track; that just prior to the injury, appellee stood on the south side of a west-bound train on the south track waiting for said train to pass so he could cross over to the other side; that he looked and listened for a train from the west, and continued so to do until he started to go across the tracks, which he did as soon as the caboose of the west-

bound train had passed far enough to let him proceed; that at the time he started to cross said tracks he saw another train about 240 feet distant, coming from the east on the south track; that he did not know whether said train was a freight-train or a passenger-train; that at the time appellee started to cross said tracks he had no knowledge that a train was approaching on the north track from the west; that the passing caboose obstructed the angle of his vision so that he could not see the train approaching from the west, until near the north track; that if appellee had looked to the west when he passed across the south main track in the rear of the caboose of the west-bound train, and before stepping on the north main track, he could not have seen the east-bound train in time to have avoided the injury; that as appellee approached the north track there was a warning call from the conductor of the west-bound train that a train was coming, but such call did not say from which direction; that this call confused appellee, and momentarily halted him, so that he was caught by the north side of the pilot on the east-bound train; that but for such delay he would have gotten safely over; that the bell on the engine of said east-bound train was not ringing as it approached and crossed Wayne street, nor was the crossing whistle sounded; that if the crossing whistle had been sounded appellee could have heard it and if a flagman had been at the crossing to signal him back, he would not have been injured.

Independent of statute or ordinance, it is the duty of a railroad company to give reasonable and timely warning of the approach of its trains to the crossing of a public 5. highway. *Pittsburgh, etc., R. Co. v. Terrell* (1912), 177 Ind. 447, 95 N. E. 1109, 1113; *Cleveland, etc., R. Co. v. Miles, supra; Pittsburgh, etc., R. Co. v. Burton* (1894), 139 Ind. 357, 375, 37 N. E. 150, 38 N. E. 594; *Pennsylvania Co. v. Krick* (1874), 47 Ind. 368, 371; *Indianpolis, etc., R. Co. v. Hamilton* (1873), 44 Ind. 76, 82; *Lake Shore, etc., R. Co. v. Boyts* (1897), 16 Ind. App. 640, 646, 45 N. E. 812. In

view of these authorities, it is clear that, under the circumstances, the jury was warranted in finding that appellant was negligent in the operation of its trains at the

6.    Wayne street crossing, and that such negligence resulted in appellee's injury.    It follows, then, that the general verdict will stand, unless it appears from the answers to interrogatories that appellee was, as a matter of law, guilty of contributory negligence.    As already stated, the answers to interrogatories show that appellee looked and listened before he attempted to cross appellant's tracks; that he heard no sound or signal of a train from the west, but did see a train approaching him from the east on the south track, the speed of which he could not determine; that his line of vision was cut off, and as he approached the north track he heard a signal which confused him and caused him to halt.

His position on the south track was one of danger, and we cannot say, as a matter of law, that he was negligent, under the circumstances, in attempting to cross the north track. He was not bound to wait until absolutely certain that no train was approaching the crossing, but to use ordinary care in attempting to cross.    There is nothing in the answers to interrogatories which is irreconcilable with the jury's finding in the general verdict, that he did use such care.  *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 149, 66 N. E. 615.    In the case of *Dieckman* v. *Louisville, etc., Traction Co.* (1910), 46 Ind. App. 11, 89 N. E. 909, 91 N. E. 179, speaking of a situation similar to that in the present case, this court, at page 17, said: ''If one acts naturally in a case of sudden and instant peril, put on him by another, and is injured, he is not guilty of negligence, although afterwards, out of the presence of danger, with time to reflect, and in the light of all known facts, it may appear that another course of conduct might have led to his escape.''    To the same effect are the following cases: *McIntyre* v. *Orner* (1906),

166 Ind. 57, 69, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359, 8 Ann. Cas. 1087; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 28, 25 N. E. 156; *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 31 N. E. 808, 17 L. R. A. 811; *Lake Erie, etc., R. Co.* v. *McHenry* (1894), 10 Ind. App. 525, 527, 37 N. E. 186.

*Dieckman* v. *Louisville, etc., Traction Co., supra,* and *Cleveland, etc., R. Co.* v. *Miles, supra,* are similar in principle and in their main facts to the case at bar, and the important and controlling questions raised by appellant in this case are fully answered by those decisions, adversely to appellant's contention. The Dieckman case also distinguishes the line of cases relied on by appellant from those applicable in that and in this case, making it unnecessary for us again to discuss in detail such propositions.

The question of contributory negligence was, under the averments of the complaint and the evidence, a question for the jury. The answers to interrogatories are not in 7. irreconcilable conflict with the general verdict, and this court cannot on such showing disturb the finding of the jury. *Lake Erie, etc., R. Co.* v. *Oland* (1912), 49 Ind. App. 494, 97 N. E. 543; *Cleveland, etc., R. Co.* v. *Van Laningham* (1913), 52 Ind. App. 156, 97 N. E. 573.

Objection is made both to instructions given and to the refusal of the court to give certain instructions tendered by appellant. The instructions given were quite as favorable to appellant as the law will warrant. Those refused all center around the proposition that the jury should have been told that appellee was guilty of contributory negligence as a matter of law, and to propositions having to do with the town of Waterloo and appellant.

We find no error harmful to appellant in relation to the instructions given or refused. Neither was there any harmful error in the admission or exclusion of evidence as shown by the record.

Lake Shore, etc., R. Co. *v.* Myers—52 Ind. App. 59.

The motions for judgment on the answers to the interrogatories and for a new trial were properly overruled.

Judgment affirmed.

## ON PETITION FOR REHEARING.

FELT, J.—Appellant, in its petition for a rehearing, insists with much zeal that the court in the original opinion failed to give a sufficiently full and accurate statement of the facts on which to base an opinion and failed to consider in detail some questions presented by the briefs and record.

In view of the character of the questions urged we have with much care reexamined the several questions presented. With reference to the facts found by the jury in answer to interrogatories, in addition to the statement in the original opinion, the finding shows that the crossing where the injury occurred was at the business center of the town, which had a population of about 1,200; that appellant kept a flagman at said crossing from 6 o'clock a. m. to 6 o'clock p. m., but not after that hour; that there was much travel at said crossing after 6 o'clock p. m.; that the train which struck plaintiff was "a pick-up stock train," running on an irregular schedule; that appellee saw the second train approaching on the south track from the east at the time he started to cross the track; that he proceeded across the tracks at the rate of six or eight miles an hour, and it would have required about five seconds for him to cross over; that he did not hear any warning call until he reached and was passing over the north track; that appellee would not have heard the bell ringing in time to avoid the collision had it been ringing; that he could have heard the whistle in time to avoid the collision, had it been sounded a short distance west of the crossing; that the noise of the train on the south track prevented appellee from hearing the approach of the train from the west; that after appellee advanced far enough to have seen the train approaching from the west, to escape a perilous position without crossing over the north track he

would have been compelled to retreat across the south track in front of the oncoming train from the east; that appellee was between fifteen and sixteen years of age when injured; that if appellee had looked to the west when at the north rail of the south track, or when four feet south of the south rail of the north main track, he could have seen the train approaching which struck him; that he did not, as he approached and entered on the north main track, look to the west for an approaching train on said track; that the engine which struck him was equipped with an automatic device for ringing the bell, but the bell was not ringing when it approached nor when it passed over the crossing; that the engineer on the east-bound train did not give a crossing whistle of two long and two short blasts; that there was an arc light burning at a crossing, 160 feet away from the place of the accident.

Appellant contends that the answers which show that appellee did not look west after he started across the track, and that if he had looked to the west when at the north rail of the south track, or when four feet south of the south rail of the north main track, he could have seen the train approaching which struck him, show that appellee was negligent in attempting to cross.

The jury in answer to other interrogatories found that if he had looked to the west when he passed across the south main track in the rear of the caboose of the west-bound train, and before stepping on the north track, he could have seen the east-bound train in time to avoid the injury. The foregoing interrogatories are contradictory, and, under a well-established rule, nullify each other and are rendered ineffective. But there are other important facts to be considered in determining whether this court can declare appellee guilty of negligence contributing to his injury.

It is found that when he started to cross he saw the train approaching from the east, following the one that had just

passed on the south track; that after he had advanced far enough to see the east-bound train on the north track, to escape a perilous situation, without crossing the north track, he would have been compelled to retreat across the south track in front of the train approaching from the east. These and other findings that need not be repeated show that appellee was in a position of peril from the moment it was first possible for him to see the train that struck him, and in such a situation the law does not hold a person to the same rule of deliberation and care that governs when he is not in such imminent peril and has time and opportunity more accurately to determine his line of conduct. If he is not guilty of negligence in coming into such perilous situation in the first instance, it is a question for the jury to determine whether, under such circumstances and conditions, he used due care or was guilty of negligence contributing to his injury. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985; *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144, 149, 66 N. E. 615; *Lowden* v. *Pennsylvania Co.* (1908), 41 Ind. App. 614, 619, 82 N. E. 941; *McIntyre* v. *Orner* (1906), 166 Ind. 57, 69, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359, 8 Ann. Cas. 108; *Pennsylvania Co.* v. *McCaffrey* (1894), 139 Ind. 430, 436, 38 N. E. 670, 29 L. R. A. 104; *Davis* v. *Chicago, etc., R. Co.* (1907), 159 Fed. 10, 88 C. C. A. 488.

In this case the complaint alleges that as appellee started to cross in the rear of the caboose he saw the second train approaching from the east in such close proximity that his attention was diverted and centered on that train, and he did not see the train approaching from the west. The jury found that the train which struck him was a "pick-up" running on irregular time; that the noise of the passing train prevented his hearing the approach of the train on the north track; that he looked and listened for a train from the west before starting to cross; that he could have heard the whistle if it had been sounded for the crossing, and it

would have prevented the accident, but the whistle was not so sounded.

Conceding appellant's contention, that it was a useless precaution to look to the west while his view was obstructed by the train on the south track, it was, nevertheless, 10. the exercise of some care to listen for the whistle of a train on the north track. He was on a public highway where his rights were equal to those of appellant, except as to its right of priority when both needed to use the street at the same time. On this state of facts we cannot say as a matter of law that he was guilty of negligence in attempting to cross in the first instance. The question of appellee's negligence was properly submitted to the jury. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 701, 88 N. E. 612.

It is also contended that the court erred in giving instruction No. 3, at the request of appellee, and in refusing to give instruction No. 6, tendered by appellant. The instruction given told the jury, in substance, that appellant was guilty of negligence *per se* if the whistle of the engine that struck him "was not sounded within eighty rods" of the crossing and the bell was not rung continuously from a point eighty rods west of the crossing.

The one refused is as follows:

"The statute of the State of Indiana requiring engines to be equipped with whistle and bell, and the whistle to be sounded and the bell rung on approaching a crossing does not apply to streets in an incorporated town."

The statute (§5431 Burns 1908, § 4020 R. S. 1881) which requires the sounding of the whistle and the ringing of the bell, also provides that it shall not interfere with any 11. ordinance that has been or may be "passed by any city or incorporated town in this state regulating the management or running of such engines or railroads within the limits of such city or incorporated town." There is no showing that the town of Waterloo had, previous to the accident, passed any such ordinance as is contemplated by the

statute. In the absence of an ordinance providing regulations differing from those prescribed by the statute, the statute applies to crossings within the limits of such incorporated town. *Pittsburgh, etc., R. Co.* v. *Terrell* (1912), 177 Ind. 447, 95 N. E. 1109, 1112, and cases cited; *Cleveland, etc., R. Co.* v. *Carey* (1904), 33 Ind. App. 275, 282, 71 N. E. 244.

Instruction No. 3 contains a technical error in stating that the whistle should have been sounded within eighty rods of the crossing, while the statute requires it to be sounded when the engine is not less than eighty nor more than one hundred rods from the crossing. If such error could in any case be harmful, it is rendered harmless in this case by the finding of the jury that the bell was not rung nor the whistle sounded. The instruction tendered was erroneous in stating that the statute does not apply to any incorporated towns, whereas it applies to all incorporated towns and cities not having ordinances in force making provisions in conflict with the requirements of the statute.

The first instruction asked for by appellant was a peremptory instruction directing a verdict in its favor, and was properly refused. The third instruction asked and refused was to the effect that appellee was guilty of negligence preventing a recovery if he did not wait, after the west-bound train had passed, long enough, before attempting to cross to enable him to know that there was no train approaching from the west on the north track. On the facts of this case this was an invasion of the province of the jury, and the court did not err in refusing to give it. Appellant also complains of the refusal of the court to give instructions Nos. 7, 28 and 29 tendered by it. These instructions, in effect, told the jury that there could be no actionable negligence against appellant in failing to maintain a watchman at the crossing where appellee was injured unless it was shown that the town had passed an ordinance requiring appellant so to do. The complaint does not charge that

such an ordinance had been passed or was in force at the time, but, among other acts of negligence, charges, in substance, that under the conditions shown at the crossing at the time, reasonable and ordinary care on the part of appellant necessitated the keeping of a watchman at the crossing between the hours of 6 o'clock p. m. and 10 o'clock p. m.; that it negligently failed so to do, and appellee was injured because of such failure.

The court in the fourth instruction, given at appellee's request, in effect, told the jury that if it found the conditions relative to the crossing and the operation of appellant's trains to be as alleged, and that the sounding of the whistle and the ringing of the bell, as required by the statute, were not on its part the exercise of reasonable and ordinary care, and that such care required the presence of a watchman at the crossing at the time of said injury, and appellant failed so to maintain a flagman at the crossing, and appellee's injury was caused by such failure, he could recover, if himself free from contributory negligence.     The theory of the instruction seems to be that under certain conditions, to be determined by the jury from the evidence, compliance with the statute would not absolve appellant from actionable negligence, and to free itself from liability it may, under such peculiar and exceptional conditions, be required to do something more than comply with the statute, or with an ordinance duly passed, and authorized by statute.     This doctrine is recognized in some of the states, but we do not feel called on to determine the question in this case.  *New York, etc., R. Co.* v. *Leaman* (1891), 54 N. J. L. 202, 23 Atl. 691, 15 L. R. A. 426 and notes; *Lathan* v. *Staten Island R. Co.* (1907), 150 Fed. 235.

It is not contended by either party that the town had passed an ordinance requiring appellant to keep a watchman at the crossing where the accident occurred.  The duty so to do, if it existed, arose because of the conditions at the

crossing and the manner in which appellant operated its trains.

The trial court evidently held the law to be that it was proper to submit to the jury, as a question of fact to be determined from the evidence, whether, under the conditions shown, ordinary care on the part of appellant required the presence of a watchman at the crossing.

Conceding for the purposes of this case, but not deciding, that the court erred in giving instruction No. 4, and in refusing to give those tendered on the subject of a watchman, as above indicated, we think the error, if any, was harmless. One act of negligence charged in the complaint is the failure to sound the whistle and ring the bell on approaching the crossing, as required by statute. Such failure constitutes negligence *per se.* The jury in answer to interrogatories found that the whistle was not sounded and the bell was not rung, also, that appellee could have heard the crossing whistle in time to have avoided the accident if it had been sounded. These facts establish appellant's negligence, and show that it was the proximate cause of appellee's injury. The liability is thus determined, unless defeated by the contributory negligence of appellee.

Instruction No. 4, given by the court, and instructions Nos. 7, 28 and 29 refused, all relate to the question of liability, and since that is shown by the special finding of facts to be fixed by reason of appellant's failure to give the statutory warnings on approaching the crossing, it was not harmed by instructions which relate solely to the question of liability for failure to maintain a watchman at the crossing. They did not add to appellant's burden or make it more liable than was otherwise proven, even if erroneous.

The sixth instruction given by the court and the eighth and ninth requested by appellant and refused were solely on the question of liability with reference to the lighting of the crossing. The error, if any, in the giving and refusing

of said instructions was rendered harmless for the same reasons above stated with reference to those on the subject of a watchman.

In Elliott, App. Proc. §642 it is said: "If the answers of the jury to special interrogatories clearly show that the party suffered no substantial injury from a wrong instruction, there is no available error."

In *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 272, 3 N. E. 836, 54 Am. Rep. 312, it is said: "Without regard to whether the instruction complained of was in all respects technically and verbally accurate, since it appears from the answers to the special interrogatories that the jury found that the defendant was, in respect of the matters already alluded to, negligent, the error in the instruction, if there was any, was harmless."

It is fundamental that the party appealing must show prejudicial error, to be entitled to any relief on appeal. Here the alleged erroneous instructions all relate to the question of liability. The answers clearly establish facts showing a liability for failure to give statutory warnings. The liability thus established could not be changed by any showing with reference to the lighting of the street or the maintenance of a watchman at the crossing. If the alleged erroneous instructions bore on appellee's alleged contributory negligence, or related to the amount of damages, a different question would be presented.

The principle underlying the doctrine of harmless error has been applied in many ways. Where the record, as in this case, shows clearly that the error, if any, did not harm the complaining party, the judgment will be affirmed, notwithstanding such error. *Elliott, App. Proc.* §§631-652; *Tracewell* v. *Farnsley* (1886), 104 Ind. 497, 4 N. E. 162; *McFadden* v. *Schroeder* (1894), 9 Ind. App. 49, 52, 35 N. E. 131; *Cline* v. *Lindsey* (1887), 110 Ind. 337, 341, 11 N. E. 441; *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 271,

61 N. E. 565; *Muncie Pulp Co.* v. *Hacker* (1906), 37 Ind. App. 194, 209, 76 N. E. 740; *Rink* v. *Lowry* (1906), 38 Ind. App. 132, 137, 77 N. E. 967; *Woolery* v. *Louisville, etc., R. Co.* (1886), 107 Ind. 381, 384, 8 N. E. 226, 57 Am. Rep. 114.

Furthermore, the record shows clearly that the main controversy in the trial of this case was over appellee's alleged contributory negligence.

Appellant tendered 29 instructions, and the court gave 22 of them, and in all 35 instructions. The instructions, taken as a whole, were favorable to appellant. On the subject of appellee's contributory negligence, those given at appellant's request not only covered every phase of the question applicable to the case, but repeated and reiterated similar and kindred propositions relating to appellee's alleged contributory negligence in such a way as to give undue prominence to the subject and obscure other questions of equal importance.

The special finding of facts on the question of appellant's negligence makes it plain that upon the material and controlling questions of the case the instructions were as favorable to appellant as the law will warrant and were so adroitly presented as to save to appellant every possible advantage.

The alleged error in the admission of evidence is likewise rendered harmless, if error, because its admission could in no way affect the question of appellant's liability, the assessment of damages or appellee's contributory negligence.

The petition for a rehearing is therefore overruled.

*Ibach, C. J., Lairy, Adams, Myers* and *Hottel, JJ.*, concur.

NOTE.—Reported in 98 N. E. 654, 100 N. E. 313. See, also, under (1) 29 Cyc. 565; (2) 29 Cyc. 587; (3) 33 Cyc. 1053; (4) 29 Cyc. 628; (5) 33 Cyc. 956; (6) 33 Cyc. 1142; (7) 38 Cyc. 1927; (8) 38 Cyc. 1926; (9) 33 Cyc. 986, 1111; (10) 33 Cyc. 922; (11) 33 Cyc. 958; (12, 14) 33 Cyc. 1143; (13) 38 Cyc. 1646; (15) 3 Cyc. 387; (16) 38 Cyc. 1411. As to the duty of travelers on highways to use senses to avoid accidents at railroad crossings, see 90 Am. Dec. 780.

As to the care and precaution necessary in crossing a railroad track, see 24 L. Ed. U. S. 403. On the question of the care required of one in sudden emergency, see 37 L. R. A. (N. S.) 43. As to the duty to stop, look and listen after entering on first track see 17 L. R. A. (N. S.) 505. For the duty of a traveler approaching railway crossings as to place and direction of observation, see 37 L. R. A. (N. S.) 136.